UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOE JW ROBERTS, JR, <br><br> Plaintiff, <br><br> v. <br><br> TIM THRASHER, et al., <br><br> Defendant. | CASE NO. 2:20-cv-00376-RSM-BAT <br><br> **ORDER DIRECTING CLERK TO MARK DOCKET #43 AS WITHDRAWN, GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT AND DEFENDANTS' MOTION FOR EXTENSION, AND DIRECTING SERVICE** |

This matter comes before the Court on plaintiff's motions to file an amended complaint and defendants' motion for an extension of time to file an answer. Dkts. 43, 72, 74. On September 28, 2020, plaintiff moved to amend his complaint but failed to submit a full copy of his proposed amended complaint. Dkt. 43. The Court directed plaintiff to provide the missing pages of his proposed amended complaint and indicated it would rule on the motion to amend when plaintiff had done so. Dkt. 73. Instead, plaintiff filed a new motion to amend his complaint. Dkt. 74. It appears based upon plaintiff's filings that he intends to withdraw his previously filed motion to amend, which the Court had not yet ruled upon, and for the Court to instead consider his newly filed motion to amend and proposed amended complaint. Accordingly, the Clerk is directed to mark plaintiff's first motion to amend (Dkt. 43) as WITHDRAWN.

ORDER DIRECTING CLERK TO MARK
DOCKET #43 AS WITHDRAWN,
GRANTING PLAINTIFF'S MOTION TO
AMEND THE COMPLAINT AND
DEFENDANTS' MOTION FOR EXTENSION,
AND DIRECTING SERVICE - 1

1    The Court will now turn to the merits of plaintiff's newly filed motion to amend (Dkt.
2    74). Defendants do not oppose plaintiff's motion to amend but ask that the Court screen the
3    amended complaint noting that the Court had previously dismissed several claims which were
4    duplicative of plaintiff's claims in other pending actions. Dkt. 75. Because defendants have not
5    yet filed a responsive pleading plaintiff may amend his complaint as a matter of course. *See*
6    Fed. R. Civ. P. 15(a). Accordingly, plaintiff's newly filed motion to amend (Dkt. 74) is
7    GRANTED except to the extent that it seeks to add any claims which were previously dismissed
8    as duplicative of claims raised in other pending actions (*see* Dkts. 24, 28). The Clerk is directed
9    to docket plaintiff's proposed amended complaint (Dkt. 74-1) as the amended complaint in this
10   action.
11       In light of plaintiff's motions to amend the complaint, defendants also moved for an
12   extension of time to file their answers and request that the answers of the newly named
13   defendants and the existing defendants be due on the same date. Dkts. 72, 75. Defendants'
14   motion (Dkt. 72) is GRANTED.  Defendants' answers will all be due on **February 19, 2021**, as
15   described below.
16       The Court further orders:
17           a.   <u>Service by Clerk</u>
18   Plaintiff is currently incarcerated at Monroe Correctional Complex-Reformatory (WSR)
19   and is subject to Mandatory Electronic E-Filing pursuant to General Orders 02-15 and 06-16.
20   The Clerk is directed to send the following to the **newly named** defendants listed below by e-
21   mail: copies of plaintiff's Amended Complaint (Dkt. 74-1), this Order, the notice of lawsuit and
22   request for waiver of service of summons, and a waiver of service of summons:
23   ORDER DIRECTING CLERK TO MARK
     DOCKET #43 AS WITHDRAWN,
     GRANTING PLAINTIFF'S MOTION TO
     AMEND THE COMPLAINT AND
     DEFENDANTS' MOTION FOR EXTENSION,
     AND DIRECTING SERVICE - 2

| Defendants | |
|---|---|
| Eric Burt | grievance coordinator WSP |
| H. Griffith | grievance coordinator WSP |
| James Rogers | WSP classification counselor |
| David Brower | WSP lieutenant |
| S. Sundberg | DOC employee |
| Paree Farr | WSP nurse |
| D. French | custodial unit supervisor WCW - IMU |
| Sherry Pendergrass | MCC-SOU-ITU classification counselor |
| Daniel W. White | superintendent WCC |
| Department of Corrections | |
| Lee Rome | chief psychiatry DOC |
| Lee Sowers | chief psychologist DOC |
| Adam Kolowinski | WSP Sgt. in infirmary 3/20-5/20 |
| Jonathan Reyes Hugo | WSP Physician's Assistant |
| Paul McDole | WSP Corrections Officer |
| Ronald Benjamin | WSP Corrections Officer |
| James Nauschwander | WSP Corrections Officer |
| Jill Ansorge | WSP Corrections Officer |
| Cody Havens | WSP Corrections Officer |
| Dakota Hayes | WSP Corrections Officer |
| Kevin Dahlby | WSP Corrections Officer |

ORDER DIRECTING CLERK TO MARK DOCKET #43 AS WITHDRAWN, GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT AND DEFENDANTS' MOTION FOR EXTENSION, AND DIRECTING SERVICE - 3

| Cynthia Mason | Psychologist MCC |

The Court declines to direct service against "John Doe" at this time as that individual has not been sufficiently identified.

      b. Previously Served/Existing Defendants and Terminated Defendants

The Court notes that the following defendants were previously served and are named again in the amended complaint and thus remain as defendants in the action:

| Tim Thrasher | DOC Housing Coordinator Director |
|---|---|
| Karie Rainer | Director Mental Health DOC |
| Scott Russell | Prisons Command Director |
| Crystal Contreras | WSP – supervisor Mental Health staff |
| Donald Holbrook | WSP Superintendent |
| Arben Kullejka | MCC – custody unit supervisor |
| Todd Saunders | MCC – classification counselor |
| Allison Windows | WSP – legal liaison |
| Susan Hussey | WSP - nurse |
| Kathy Jackson | WSP - nurse |
| Lindsay McIntyre | MCC – psych associate |
| Vilma Khounphixay | MCC – psych associate |
| Valerie Herrington | MCC – psych associate |
| Hailee Jiminez | MCC – psych associate |
| Rachael Symons | MCC – psych associate |
| Nicolette Phillips | WSP – psych associate |

ORDER DIRECTING CLERK TO MARK DOCKET #43 AS WITHDRAWN, GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT AND DEFENDANTS' MOTION FOR EXTENSION, AND DIRECTING SERVICE - 4

| Lisa Robtoy | WSP – psych associate |
| --- | --- |
| Scott Buttice | WSP custody unit supervisor |
| Joshua Slater | WSP psych associate |

The Clerk is directed to **terminate** the following defendants from the docket as they are no longer named as defendants in the amended complaint:

| Bruce Gage | MCC – supervisor MH staff |
| --- | --- |
| Jack Warner | MCC – supervisor/supt |
| Lisa Anderson | MCC – assoc supt |
| Chris Bowman | WSP – assoc supt |
| Katrina Suckow | WSP – custody unit supervisor |
| Patricia Zeisler | MCC – psych ass |
| Steven Jewitt | MCC – psych |
| Dan Sneweisser | MCC - psych |
| Jane Does 1-5 | MCC - nurses |
| John Does 1-4 | MCC - nurses |

c. Response Required

The **newly named** (previously unserved) defendants listed above shall have **thirty (30) days** within which to return the enclosed waiver of service of summons.

A defendant who fails to timely return the signed waiver will be personally served with a summons and complaint, and may be required to pay the full costs of such service, pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure. A defendant who has been personally served shall file an answer or motion permitted under Rule 12 within **twenty-one (21) days** after service.

ORDER DIRECTING CLERK TO MARK
DOCKET #43 AS WITHDRAWN,
GRANTING PLAINTIFF'S MOTION TO
AMEND THE COMPLAINT AND
DEFENDANTS' MOTION FOR EXTENSION,
AND DIRECTING SERVICE - 5

**All defendants named in the amended complaint** must serve their answers to the complaint or motions permitted under Rule 12 of the Federal Rules of Civil Procedure, **on or before February 19, 2021**.

    d.   Filing and Service by Parties, Generally

All attorneys admitted to practice before this Court are required to file documents electronically via the Court's CM/ECF system. Counsel are directed to the Court's website, www.wawd.uscourts.gov, for a detailed description of the requirements for filing via CM/ECF. Plaintiff shall file all documents electronically. All filings must indicate in the upper right hand corner the name of the magistrate judge to whom the document is directed.

Any document filed with the Court must be accompanied by proof that it has been served upon all parties that have entered a notice of appearance in the underlying matter. Plaintiffs shall indicate the date the document is submitted for e-filing as the date of service.

    e.   Motions, Generally

Any request for court action shall be set forth in a motion, properly filed and served. Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document. The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the Court's motion calendar.

Stipulated and agreed motions, motions to file over-length motions or briefs, motions for reconsideration, joint submissions pursuant to the option procedure established in LCR 37(a)(2), motions for default, requests for the clerk to enter default judgment, and motions for the court to enter default judgment where the opposing party has not appeared shall be noted for

ORDER DIRECTING CLERK TO MARK
DOCKET #43 AS WITHDRAWN,
GRANTING PLAINTIFF'S MOTION TO
AMEND THE COMPLAINT AND
DEFENDANTS' MOTION FOR EXTENSION,
AND DIRECTING SERVICE - 6

consideration on the day they are filed. *See* LCR 7(d)(1). All other non-dispositive motions shall be noted for consideration no earlier than the third Friday following filing and service of the motion. *See* LCR 7(d)(3). All dispositive motions shall be noted for consideration no earlier than the fourth Friday following filing and service of the motion. *Id.*

For electronic filers, all briefs and affidavits in opposition to either a dispositive or non-dispositive motion shall be filed and served not later than 11:59 p.m. on the Monday immediately preceding the date designated for consideration of the motion.

The party making the motion may electronically file and serve not later than 11:59 p.m. on the date designated for consideration of the motion, a reply to the opposing party's briefs and affidavits.

### f. Motions to Dismiss and Motions for Summary Judgment

Parties filing motions to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure and motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure should acquaint themselves with those rules. As noted above, these motions shall be noted for consideration no earlier than the fourth Friday following filing and service of the motion.

Defendants filing motions to dismiss based on a failure to exhaust or motions for summary judge are advised that they MUST serve a *Rand* notice concurrently with motions to dismiss based on a failure to exhaust and motions for summary judgment so that *pro se* prisoner plaintiffs will have fair, timely and adequate notice of what is required of them in order to oppose those motions. *Woods v. Carey*, 684 F.3d 934, 941 (9th Cir. 2012). The Ninth Circuit has set forth model language for such notices:

ORDER DIRECTING CLERK TO MARK
DOCKET #43 AS WITHDRAWN,
GRANTING PLAINTIFF'S MOTION TO
AMEND THE COMPLAINT AND
DEFENDANTS' MOTION FOR EXTENSION,
AND DIRECTING SERVICE - 7

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added).

Defendants who fail to file and serve the required *Rand* notice on plaintiff may have their motion stricken from the Court's calendar with leave to re-file.

        g.   <u>Direct Communications with District Judge or Magistrate Judge</u>

No direct communication is to take place with the District Judge or Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk.

The Clerk is directed to send copies of this Order to the parties.

DATED this 18th day of December, 2020.

                                           BRIAN A. TSUCHIDA
                                           United States Magistrate Judge