ATTACHMENTS

## I. INTRODUCTION

1. This is an action for damages for violations of civil rights sustained by a citizen of Washington State, against numerous Department of Corrections employees who, through their failure to afford plaintiff his statutory and constitutional rights, have caused the plaintiff to suffer a loss of his civil rights, severe physical injury, permanent scarring to his body, severe emotional distress, severe psychological deterioration and severe mental anguish.

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

2. Plaintiff has exhausted all possible grievances and pursued all administrative remedies available to him. See pages 33 of 70. Plaintiff was told by DOC staff to stop filing grievances or else I would be infracted. I was infracted for grieving and my grievances were withdrawn, not processed, but ultimately I prevailed and exhausted my remedies.

## III. PARTIES

3. Plaintiff Joe J.W. Roberts, Jr, was at all times relevant hereto a resident of the correctional facilities Walla Walla and Monroe, Washington and is mentally ill and had a recognized mental disability within the meaning of the Americans with Disabilities and Rehabilitation Act(s). Plaintiff is presently incarcerated by the Washington State Department of Corrections.

4. Defendant Tim Thrasher is a Mission Housing Administrator at the Washington Department of Corrections on 2011-2020.

5. Defendant Scott Russell was and at all times relevant was either the Superintendent or the Deputy Director of Prison Command for the Washington Department of Corrections with supervisory responsibility over all the defendants and

the ability to make policy for the Washington Department of Corrections in 2017-2020;

6. Defendant Karie Rainer is a psychologist and is the Director of Mental Health for the Washington Department of Corrections;

7. Defendant Crystal Contreras is the head supervisor over all the mental health staff at the WSP at all relevent times mentioned herein;

8. Defendant Donald Holbrook is the Superintendent at the WSP and is responsible for the well-fare of all the offenders that reside there;

9. Defendant Arben Kullojka was the Custody Unit Supervisor at the MCC-IMU;

10. Defendant Allison Windows works at WSP;

11. Defendant Lindsay McIntyre was the Psyche Associate at the MCC-IMU;

12. Defendant Eric Burt was the Grievance Coordinator at the WSP;

13. Defendant H. Griffith is the grievance Coordinator at the WSP;

14. Defendant James Rogers is the Classification Counselor at the WSP;

15. Defendant Todd Saunders was the Classification Counselor at MCC-IMU;

16. Defendant ~~Susan~~ Susan Hussey was the Nurse at the WSP;

17. Defendant Kathie Jackson was the Nurse at the WSP;

18. Defendant David Brewer is the Luitenant at the WSP;

19. Defendant S. Sundberg is an employee for the WA Doc;

20. Defendant Paree Farr is a Nurse at the WSP;

21. Defendant D. French was the Custed Unit Supervisor at the WCC-IMU;

22. Defendant Sherry Pendergrass is the Classification Counselor at the MCC-SOU-ITU;

23. Defendant Daniel W. White is the Superintendent at the WCC;

24. Defendant Department of Corrections ("DOC") of Washington State;

25. Defendant Lee Rome is the Chief of Psychiatry for the WA state Doc

26. Defendant **Lee** Sowers is the Chief Psychologist for the WA State DOC;

27. Defendant Adam Kolowinski is a Sergeant at the WSP infirmary from March 2020 - May 2020;

28. Defendant Johnathan Reyes Hugo is a Physicians Assistant at the WSP infirmary;

29. Defendant Vilma Khamphixay is a Psyche Associate at the Mon MCC - IMU;

30. Defendant Valerie Herrington is a Psyche Associate at the MCC-IMU;

31. Defendant Hailee Jiminez is a Psyche Associate at the MCC;

32. Defendant Rachael Syman was a Psyche Associate at the MCC-SOU;

33. Defendant Nicolette Phillips was a Psyche Associate at the WSP-RTU;

34. Defendant Lisa Robtoy was a Psyche Associate at the WSP-IMU;

35. Defendant Joshua Slater was a Psyche Associate at the WSP-IMU;

36. Defendant John Doe is a WA State DOC employee who works at WSP and is responsible for destroying my 5 legal CDs

37. Defendant Paul McDole is a Corrections Officer, who works at the WSP;

38. Defendant Ronald Benjamin is a Correctional Officer at the WSP;

39. Defendant James Newschwander is a Correctional Officer at the WSP;

40. Defendant Jill Ansorge is a Correctional Officer at the WSP;

41. Defendant Cody Havens is a Correctional Officer at the WSP;

42. Defendant Dakota Hayes is a Correctional Officer at the WSP;

43. Defendant Kevin Dahlby is a Correctional Officer at the WSP; Defendant Cynthia Mason, is a phychologist at the MCC-ITU-SOU;

44. Each defendant are employed at the Washington Department of Corrections and as described herein this complaint and complained herein this complaint was acting under color of law and within the course of their official and individual capacities.

IV. FACTS

45. Plaintiff Joe J.W. Roberts Jr is a ~~person~~ individual that is recognized as having a serious mental illness within the Washington State DOC.

46. Plaintiff was diagnosed in a mental health update on (03/21/2017) with the mental disorders: Paranoid Personality Disorder; Bipolar Disorder I; Post Traumatic Stress Disorder; Antisocial Personality Disorder.

47. Plaintiff was diagnosed in a mental health update on (10/4/2017) with the mental disorders: Bipolar Disorder I; Post Traumatic Stress Disorder; Generalized Anxiety Disorder; Antisocial Personality Disorder

48. Plaintiff was diagnosed by Psychiatrist providers on (4/20/2018) with the mental disorders of: Bipolar Disorder; Delusional Disorder; Other Non Organic Psychosis; Anxiety; Personality Disorder.

49. Plaintiff was diagnosed in a mental Health update on (07/13/2020) with the mental disorders: Posttraumatic Stress Disorder, with dissociative symptoms; Borderline Personality Disorder; Antisocial Personality Disorder; ADHD.

50. On October 4th 2016, plaintiff arrived to the WA DOC. Because of plaintiff's severe mental health needs, plaintiff was refered to the Care Review Committee (between April-July 2017), or otherwise known as the ("CRC"), and gave plaintiff an S code of 3, indicating substantial mental health impirment and the need for significant mental health treatment. As a result, plaintiff was approved for Residential Treatment Unit (RTU), for mental health treatment.

51. Approximately on August 2017, plaintiff was transfered from Residential Treatment Unit at WSP, to the Intensive Management Unit (IMU)/ Solitary Confinement, not for clinical mental health reasons by defendants Rainer, Phillips, Thrasher, Russell, and Contreras; because of a guilty finding of WAC 506. I explained to the disciplinary hearings officer who conducted the hearing that I was having mental health issues at the time of the incident infraction for the WAC 506. Nonetheless, because of behaviors related to my mental illness; like PTSD and Bipolar defendants Rainer, Thrasher, Russell, Phillips and Contreras discontinued my RTU level of care. I never refused mental health treatment. This caused me to deteriorate psychologically, self-harm, experience suicide ideations and the extreme isolation exacerbated my mental illness. On August-November 2017, plaintiff smeared his own feces, and Plaintiff self-harmed and was sent to the hospital. (I was kept in isolation for 23 hours a day.)

52. Approximately August-November 2017, my primary therapist Jamie Davis recognized my severe mental health needs (although I was discharged from the RTU, as explained in paragraph 51), and re-refered me the CRC. I was again approved RTU level, but was sent to ~~unitsapproximately days to~~

be housed in solitary confinement at the MCC-SOU-ITU.

53. Approximately November 2017-March 2018, plaintiff arrived to the Monroe Correctional Complex (MCC), SOU, ITU, because of his severe mental health needs. (At this point the plaintiff has been housed solitary confinement since August 2017). As a result, of defendants; Rainer, Thrasher, Russell, Phillips, and Contreras causing plaintiff to be kept in solitary confinement, this caused me to suffer from the effects of solitary confinement and feel defeated, depressed, paranoid, hopeless. This exacerbated my mental illness and I layed in bed and contemplated suicide. On March 2018, I broke a peice of metal off the radio and sharpened it and cut my right arm and leg. I was bleeding profusely. I suffered deep scarring which covers 50 percent where I cut myself.

54. Approximately November-2018-March of 2019, I was still housed solitary confinement at the WCC, I was suffering from the effects of solitary confinement. I had to be placed on a one on one suicide watch because I felt severely depressed and suicidal. I would have serious mental health break down, and I would cry uncontrollably for hours and it was painfull on my body because my body would tremble and tense. It made me naeuseas. Plaintiff made a noose and wanted to commit suicide. A correctional officer noticed the noose and talked me into coming out of my cell.

55. On March 2019, I was transported to WSP, and housed in isolation. This caused me to feel suicidal and depressed. I was housed on the Mental health infirmary the COA, for weeks until I was transported to MCC-IMU.

56. Approximately April 2019, plaintiff was transported to MCC-IMU and still housed in solitary confinement and stayed there until September 2019. This caused plaintiff to suffer from the effects of being ~~isolated~~ isolation, and smear his feces for three weeks. I was psychotic, I was in severe mental anguish and suffered little sores on my body. Defendants McIntyre, Kulljha, Herrington and Saunders were made aware. I told them that the isolation is making me psychotic. This happened sometime between approximately July-September 2019.

57. Defendants Slater, Bobtoy, Herrington, McIntyee, Khounphixay, ~~Mason~~ Mason, falsified plaintiff's health records and documented I am feining my mental illness. One particular defendant named Herrington stated in her mental health update (2019) "that I was faking my Bipolar disorder and went as far to punish me by infracting me, (although the infraction was dismissed) this shows evil and callous they are towards, me. they would lie and say I'm refusing treatment and not amenable to treatment. I filed a grievance regarding this issue of falsifying my health records and defendants Holbrook, Bobtoy and Slater each denied my Bipolar Disorder (just as Defendant Herrington did) ~~—~~ in ~~September~~ 2019 - ~~January~~ 2020. I've never refused treatment. Defendants Slater, Bobtoy, Herrington, McIntyre

10 of ~~70~~

Khounphixay did these things to deny me RTU level care.
The treatment that was offered in IMU is only individual
mental health sessions for about 15-20 minuets once a week.

58. Defendants Slater, Bobtoy, Herrington, McIntyre and Khounphixay, Mason,
told me that ~~A~~ my mental illnesses are not apart of my ~~disorders~~ behaviors;
instead they ~~told me~~ focused soley on controlling and extinguishing
the behaviors they perceved as problematic while ~~entireing~~
entirely ignoring that ~~the~~ his behaviors were a manisfestation
of his mental disorders; they purposefully disregarded my mental
illness and described me ~~x~~ not as a mentally ill person, but as a
behavior problem, and someone who refuses treatment.

59. Approximately May 2019- ~~February~~ April 2020, plaintiff sent several letters
notifying defendants Contreras, Russell and Rainer of what the defendants
Khounphixay, McIntyre, Herrington, Slater and Bobtoy were doing as
described herein this complaint. Defendants Contreras, Russell and
Rainer did nothing and encourged me to continue working with them.
Plaintiff told them he wanted to be accommodated for his mental
illness per the ADA and RA, but was denied.

60. Approximately ~~November~~ ~~████████~~ 2018- July 2019, defendants French,
Khounphixay, McIntyre, Herrington, Saunders, Kullojka and White, refused
to do my FRMT. I sent kites to defendant French and White explaining
that my facility custody Plan/FMRT is overdue. I explained to them that
I remained infraction free and had good behavior and want out of the

solitary confinement. On 2/20/2019, defendant white recieved a title from complaining that my custody facility plan/FRMT is overdue and responded, "your custody facility plan is overdue." Every six months per WA state DOC policy defendants French, Khounphixay, McIntyre, Herrington, Saunders, Kullojka are required to conduct my facility plan/FRMT, because during April 2018 - July 2019, they were part of my Multi-disciplinary Team. This would determine if I would be released from isolation. I requested to waive my presence at the FMRT so they could simply do the hearing without my presence, (which is my right) Despite this they refused to do my FMRT hearing, and Strange, because only did defendants ~~decide to conduct~~ Kullojka, Saunders, Khounphixay, decide to conduct my hearing once I was infracted, then they all recommend I remain in isolation on Max custody. The only reason I ~~was~~ started getting infracted was because I realized I became depressed and fustrated that they wouldn't do my FRMT hearing I just had traumatic issues because they will do anything to keep me is solitary confinement. And also I was infracted for alot of bogus stuff 7 infractions I never did (which were dismissed except 1-3 infractions). This exacerbated my mental illness and that's when I smeared my feces as explained in paragraph 56.


61. On approximately September 2019 - January 2020 as a result of defendants Thrasher, Russell, Rainer, Kullojka, Slater, Babtay, Phillips, Symon, Jiminez, Herrington, White, French, Saunders, McIntyre, Khounphixay, Contreras, Pendergrass, Borne, Sawers, causing plaintiff to be housed for years at a time IMU/solitary confinement made him, depressed,

12 ☖ of ~~72~~ 70

suicidal, self-harm, and psychotic causing plaintiff to smash his head forcefully hard enough until his forehead split open. Plaintiff suffered a concussion, was in severe pain and was dizzy. I was sprayed with ① Oleoresin Capsicum and put into restraints. Now plaintiff has a ugly scar on his forehead.

62. Approximately 01/22/2020, plaintiff was suffering from the effects of solitary confinement caused me to psychologically deteriorate punch the wall and slam my head forcefully into the wall until I was unconscious. I was seen by defendant Hugo and recieved stitches to my hand.

63. Approximately March 2020, at WSP, mental health infirmary, I was housed in isolation, and had Conditions Of Confinement ordered by mental health that put me on paper and plastic restrictions. Defendant Kolowinski knew I was on paper and plastic restrictions. Yet, Kolowinski would give me plastics and paper to swallow for about a month. Kolowinski knew I was suicidal and depressed. In March 2020, I was sent to the hospital to Kadelek in Richland, WA multiple times to have surgeries. I was in severe pain, I was given volume, dilautin, Oxycodone and nausea medicine. After my surgery, Kolowinski would give me more to swallow. I knew that this could kill me but the way I felt I did not care. I told Kolowinski to give me more to swallow, so I could die and be free from my torture of being housed in isolation. Defendant Kolowinski would give me more to swallow. I had surgery's three times during the month of March of 2020. Kolowinski would laugh at me.

64. Because defendants Thrasher, Russell, Rainer, Kulbiska, Slater, Bobskay Phillips, Bymon, Jiminez, Herrington, White, French, Saunders, McIntyre, Khounphixay, Contreras, Pendergrass, Rome, Sowers, caused me to be housed in Max/Imu/solitary confinement for about three years exacerbated my mental illness to the point, I psychologically deteriote and swallowed papers, pens, plastics in March 2020 and in July 2020. I had several surgeries, stayed at the toot hospital days. I was given neausea and pain medicine. I was severe pain and was very neausus. Also, due to my too high levels of stress from being housed in solitary confinement for years at a time I suffered multiple bleeding ulcers and had to have surgery August-September 2020. This was painful.

65. When plaintiff is or was in a non-Imu/solitary confinement setting like general population, Plaintiff had no history of harming himself or having any behavioral problems. I recieved only ~~one~~ three infractions and one was dismissed, the ~~two~~ other two I was found guilty. And that was about over a year from October 4 2016-August 2017. The only time I had ~~issues~~ serious mental ISSUES was when I was housed in isolation in the Imu/solitary confinement/rtu settings, throughout the years.

66. Defendants Sowers, Rome, and Rainer each knew I suffered from a serious mental illness; knew I had a history of self-harm and suicide attempts and ideations ~~while~~ while in the Imu/solitary confinement; they seen a pattern dysfunction and symptomatic behavior that was developed over the time from being housed Imu/solitary confinement over the years and yet despite this they chose to house me in isolation. The symptomatic behavior and dysfunction that ~~these~~ these mental health professions speak of

are related to my mental illness.

67. Approximately January - May 2020, mental health counselor Jason Knittle at WSP refered me twice to CRC, because of my severe mental illness to recieve mental health treatment at RTU level of care. Each time defendant Rainer, Rome and Sowers each denied me treatment.

68. Because I have been housed for long extended periods in isolation. I've had auditory hullucinations, visual hullucinations, I talk to myself for hours and this has caused me to stress related trauma which have caused me mixed emotions, and anger, violence, to become confrontational, feel extreme paranoia and snap and act out, feel extreme impulsiveness, confusion, hate, severe depression, panic attacks, self harm, suicide ideations and attempts and has caused exacerbated my mental illness.

69. Plaintiff is a severe mentally ill person who has been housed in isolation for years. These conditions are severe, adverse, atypical and is a hardship on me. I am confined for 23 hours a day to cell, without any human contact and isolated for 24 hours a day. Plaintiff filed a 1983 civil complaint in the Western District WA state at Seattle, No. 2:18-cv-0746-MJP; see DKT.No.166, at page 2, lines 22-23. The I made similar claims about the isolation makes my mental illness worse. On page 12, of DKT.No.166, at lines 1-4, the court ruled that the IMU/isolation causes my mental health to deteriorate, on the this Courts ruling of summary judgement. I have lived in isolation with a serious mental illness for approximately 1092 days. Other inmates that arent

living under these harsh living conditions are allowed more freedom out of their cells, are allowed to program, access the phone call their families all day, have jobs, socialize and interact with each other, go to yards and recreation for multiple hours at a time.

70. Defendants Pendergrass, Contreras, Holbrook, Rainer, Thrasher, Russell, Kullojka, Slater, Robtoy, Phillips, Symon, Jiminez, Herrington, White, French, Saunders, McIntyre, and Khounphixay, between August 2017-2020, at all relevant times caused my mental health to deteriorate, (except for dates April 16th 2018 - May 8th 2018), refused to ~~give me~~ keep me in RTU level of care, or discharged my RTU level of care, refused to refer me to the CRC to recieve adequate mental health treatment at RTU level of care and chose not to acknowledge my major psychological disorders. Instead defendants watched me suffer in isolation and punished me. Defendants watched me become dysfunctional and show symptomatic behavior which were attributed to my serious mental illness, which led to me acting out and becoming trapped in the disciplinary process. Defendants are each in some way responsible for causing me to be housed in isolation for years at a time and this worsened my mental illness.

71. Plaintiff was approved for RTU level of care on 7/14/20, by the CRC due to his serious mental health. I arrived to the SOU-ITU at MCC, on 9/29/20. Defendant Mason was assigned as his primary therapist. Mason was responsible for creating a Mental Health Treatment Plan, and putting me in a mental health group. Mason put me in a group

that was conducted by a Psyche Associate named Heather Helms, but me and Helms have bad history and I chose to utilize my right and refuse any treatment from Helms, on 10/12/2020. I told Mason and she told me to sign a consent for treatment form which I signed on 10/26/2020, and I specified I refused treatment from Mental Health Helms, but would consent for treatment; On 10/26/2020, I signed a drafted treatment plan and I was given copies, but Mason told me she would not sign it. I asked her why. Mason said I refused treatment. Since arriving to SOU 9/29/2020, Mason has accused me everytime we met of refusing treatment. Mason and I had a mental health session on 10/7/2020. After 10/7/2020, Mason refused to see me until 10/20/2020. During this time period Mason accussed me of refusing treatment when she would not see me for those two weeks. I asked "hey will you give me a copy of the drafted treatment plan". She said no. I asked her to put me in a group she said you refused all treatment. Mason is denying me treatment, but then accuses me refusing treatment. On 11/2/2020, I sent kites to defendant Symon and she confirmed that there are no groups available for me. This was her response on 11/4/2020. On 11/16/2020, Mason told me she wants me out of RTU and so does SOU administration. I asked why. Mason said you know why; your reputation proceeds you. HOW CAN I REFUSE TREATMENT WHEN NO TREATMENT IS BEING OFFERED. MASON WONT CREATE A TREATMENT PLAN, I SIGNED A CONSENT FOR MENTAL HEALTH TREATMENT AND THE DRAFTED TREATMENT PLAN AND MASON MADE COPIES AND GAVE ME COPIES BUT MASON WONT SIGN MY COPY. MASON TOLD ME THAT WE ARE IN CONTROL OF WHATS DOCUMENTED IN YOUR RECORDS, AND

IT WILL REFLECT WHAT WE CHOOSE TO DOCUMENT. I ASKED MASON ARE YOU TRYING TO SABATOGE MY LAWSUIT TO DISCREDIT ME? On 11/16/2020, Mason told me she is trying to discharge me from the SOU-RTU. _____ Mason said because Ive been at the infirmary a lot, that this is negative behavior. I am honestly about fed up with the DOC's mental health and I am going to probably give up on seeking treatment from mental health in DOC. IF I cant be treated fairly and non discrimatorily while trying to get help it may not be worth it. Mason said in three weeks I will know if my treatment will be discontinued. Mason said this on 11/16/2020. This makes me feel very tired and depressed. Due to the fustration and trauma of all this. I have been put several times on COA/mental health infirmary and placed in restraints three times, due to self-harm and suicidal ideations. Mason is keeping me in my cell for 24 hours a day and I told Mason that the isolation exacerbates my mental illness. Mason called me a manipulator! Ive had only two negative behavior reports and the negative behavior they describe is disagreements.


12. Defendant Russell, Window, and John Doe, enforced two policies DOC policy 590-500 and 450-100; which prohibits offenders including me from recieving incoming legal mail with (CDs with uploaded legal content of active legal case material like discovery and priviledge attorney client information) from there attorneys, but contrary the prosecutor or courts could send offenders, including me legal media. Defendants Russell, Window, and John Doe enforced these policies to deprive _____

me access legal media and courts. When plaintiff notified defendant
Window that I had multiple court deadlines in the Western District at
Seattle, WA in case # 2:19-cv-014-MLP-MJP, ~~December~~ July - December 2019-September 19
2020, courts order for discovery deadline and to file summary judgment
response deadline. I filed kites asking to review my 5 legal cds ~~the~~ but
they were ignored. I told Window that ~~I wished~~ to   my lawyer   mailed me 5
legal cds with medical records and emails and names ~~&~~ an potential
exculpatory evidence that I needed to file a response to summary
judgment but defendant Window retaliated and had my 5 legal cds
confiscated and as a result John Doe destroyed my legal cds and
I was unable to file a response and meet my deadline for
summary judgment. I was denied access to the ~~court~~. My legal ~~was~~ CD's was
confiscated and destroyed and I was denied to appeal. This caused me
to become depressed and engage in self-harm.


~~13.~~ 12. In 2017 approximately ~~April~~ May - July 2017, I was sprayed with "Capsicum
Okoresin" when I was at the Clallam Bay Corrections Center. This was
the first time I was sprayed in DOC custody. When I got sprayed with
the "Capsicum Oleoresin" I had severe adverse reactions. I had an
allergic reaction to the "Oleoresin Capsicum" like: blisters, hives, rashes, swelling,
blood clots and severe pain that lasted 2-3 weeks. Afterwords I was diagnosed
as having an non-screenable allergy to the "Capsicum Okoresin". In 2017
I was transferred to the WSP. Defendants Holbrook, Jackson, Hugo, Hussey,
Rogers, Thrasher, Contreras, Farr, Griffith and Sundberg were each made
aware that I am allergic to the "Capsicum Oleoresin" by grievance
and through my medical chart. These defendants Holbrook, Jackson,
Hugo, Hussey, Rogers, Thrasher, Contreras, Farr, Griffith and Sundberg

~~defendant. They defendants~~ ignored my health and safety and allowed me to be sprayed with the "Capsicum Oleoresin" Knowing I am allergic and the adverse affects it has on. They Knew it would cause me severe pain, blisters, hives, rashes, swelling and hemoraging that would last weeks. I sent a grievance on 2/26/2020 - 6/26/2020, complaining about this and each time they defendants would not do anything about my allergy. The defendants gave the officers permission to spray me. Defendants told the officers to spray me. I was spray

10-7 ~~times~~ times with Capiscum Oleoresin and each time I had adverse reactions. I told defendants, Hussey, Buttice, Rogers, ~~Reyes~~ Hugo, Brewer, Jackson and Farr why are you ordering the officers to spray me. They said because we can.

Defendants Hussey, ~~Reyes~~ Hugo, Jackson and ~~p~~ Farr refused to give pain medicine to alleviate my pain and document the injuries and examine me after I was sprayed by the Capsicum Oleoresin. I kept a paper trail of this of grievances. The Defendants actions violate the Eighth Amendment against cruel and unusual punishment. Defendants could have used other force other ~~that~~ than the use of spraying me with Capsicum Oleoresin. The defendants caused me unnecessary pain and suffering and acted with deliberate indifference to my medical condition or were neglegent. Defendants could have easily issued an HSR to stop the use of the Capsicum Oleoresin but chose not to. Defendant ~~Reyes~~ Hugo refused to screen me for my allergy to the Capiscum Oleoresin. The defendants approved the use of Capsicum Oleoresin to be used on me as a result I was ~~sprayed~~ 10-7 times. I am still at risk of being sprayed with the Capsicum Oleoresin This puts me a future and immenent risk of harm and

puts my safety and health at a serious risk. Today 7/16/2020, the officers threatened to spray me with the Capsicum Oleoresin. I told them that I am allergic to the Capsicum Oleoresin. They ignored me.

74. On 4/4/2020, at Washington State Penitentiary, I declared a mental health emergency and it was determined that I needed to be placed into restraints for my safety. Defendants McDole, Havens, Neuschwander, Dahlby, Ansorge, Benjamin and Hayes, used unnecessary and reckless force that was excessive by elbowing me in the private area (penis-balls), throat, stomach, choking me, putting their knees on my stomach, chin and neck. At one point Neuschwander began using sadistic force by punching me and kneeing me multiple times to my body. This caused me great physical pain, emotional pain, mental anguish and pain and suffering which lasted a couple weeks. I had bruises on my neck, legs, chest, stomach and feet. Defendants McDole, Havens, Neuschwander, Dahlby, Ansorge, Benjamin and Hayes, beat me while my arms and hands were cuffed behind my back and my feet were shackled. I was in full body restraints, so the risk of threat I posed was very minimal. They choked me me and cut off my air supply until I nearly lost conciousness. These defendants retaliated and falsified the force they used and did not report all the force they used and would not document my injuries. Witnesses who heard and seen this were Joshua Macklemore DOC# 312294; Jefferey Palmer DOC# 898164; and Zach Douglas DOC# 330797.

75. Plaintiff filed and exhausted administrative remedies for the excessive force in grievance log Id# 20700983 and defendant Thrasher responded to the final response: "Your grievance was found to have merit and additonal administration active is being taken outside of the grievance department. Thank you for bringing this issue to the departments attention."

## V. FIRST CLAIM FOR RELIEF

### (42 USC §1983 = Deliberate Indifference)

76. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 75 with the same force and effect as if such paragraphs were separately realleged in this First Claim for relief.

77. At all times material hereto, defendants, jointly and severally, had a duty under the Eighth Amendment of the U.S. Constitution not to be deliberately indifferent to the known serious medical needs of detainees at the DOC. This duty arose from the individual defendants' capacity as agents or employees of the DOC. Because defendants had a non-delegable duty to provide medical services to detainees of the DOC, DOC and its agents and employees acted under color of law while providing these services.

78. Due to the fact that the Washington State Department of Corrections only has one mental health treatment facility at WSC Monroe Corrections mentally ill inmates such as plaintiff are being housed illegally in Administrative Segregation/Intensive Management Units at Washington State Penitentiary and Monroe Correctional Complex.

79. Defendants failed to provide adequate mental health treatment and medical care for plaintiff and properly document his suicide attempts, injuries, and mental health and defendants refused to transfer plaintiff to the special offender unit ~~properly and~~ or refer to RTU The danger of self-harm was identified by the mental health providers. Despite defendants' knowledge of this risk, each of the individual defendants intentionally, or by the exercise of deliberate indifference, failed or refused to provide Roberts with the proper medical attention and care known to be necessary under the circumstances.

80. As a direct and proximate result of the actions and omissions described in this complaint, plaintiff suffered loss of his liberty, aggravation of his pre-existing mental health conditions, and has caused new ones, he has been deprived of the freedom that are enjoyed by other inmates. Three years spent in solitary confinement has caused plaintiff to deteriorate mentally. Subsequently, plaintiff has been diagnosed with PTSD, Borderline personality Disorder, Generalized Anxiety Disorder, Antisocial Personality Disorder, Bipolar 1 Disorder, Delusional Disorder, Other Non Organic Psychoses, Severe Depression, all to his damage in an amount to be ascertained according to proof at trial. Defendants subjected plaintiff to such deprivation of liberty by malice and a reckless and conscious disregard to his rights for which an award of punitive damages is warranted.

### SECOND CLAIM FOR RELIEF

(First Amendment Violation of Access to the Courts Deprivation)

81. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 80 with the same force and effect as if such paragraphs were separately realleged in this Second Claim for Relief.

82. Defendants' above-mentioned unlawful conduct caused plaintiff harm, because of his complaints about the manner in which he was denied access to the courts in violation of the First Amendment. Defendants retaliated against plaintiff for exercising his First Amendment Constitutional Rights to access the courts by confiscating his 5 legal CDs, and destroying them.

83. As a direct, proximate and foreseeable result of defendants' retaliation, Roberts suffered

the injuries described in this complaint, including bodily injuries and resulting pain and suffering, mental disorder, mental anguish, loss of ability to enjoy life, expenses of medical care and treatment, and other losses including the aggravation of pre-existing conditions. These injuries and losses are permanent and continuing and Roberts will suffer such losses in the future.

84. Defendants' unlawful actions were deliberate, malicious and in conscious disregard of plaintiff's constitutional rights entitled him to punitive damages.

THIRD CLAIM FOR RELIEF

42 U.S.C. § 1983 - Eighth Amendment - Cruel and Unusual Punishment

85. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 83 with the same force and effect as if such paragraphs were separately realleged in this Third Claim for Relief.

86. The Eighth Amendment protects inmates against infliction of "cruel and unusual punishment."

87. Defendants violated the Eighth Amendment by failing to protect plaintiff's health, isolating him, failing to treat his mental health, mocking and ridiculing him and spraying or allowing him to be subjected to the harm above. The defendants conduct was deliberately indifferent to plaintiff's physical and mental health amounting to cruel and unusual punishment. The defendants have deprived plaintiff his right to be free from cruel and unusual punishment of the laws secured by the Eighth Amendment to the

United States States Constitution, by not being protected of dangerous situation and suffering from injuries, defendants acted with deliberate indifference respecting plaintiff's rights.

78. As a proximate result of defendants' discriminatory actions against plaintiff, as alleged above, plaintiff has been emotionally harmed in that plaintiff has suffered humiliation, mental anguish, anxiety, mortification, loss of good health and emotional and physical distress, and has been injured in mind and body in an amount according to proof at trial.

89.

88. The actions of the individual defendants, as described in this complaint, were deliberate, intentional, and embarked upon with the knowledge, of or in conscious disregard of, the harm that would be inflicted upon plaintiff. As a result of said intentional conduct, plaintiff is entitled to punitive damages against the individual defendants in an amount sufficient to punish them and to deter others from like conduct.

FOURTH CLAIM FOR RELIEF

(Disability Discrimination and Failure to Accommodate - ADA 42 U.S.C. §12131 and Rehabilitation Act of 1973)

90.

89. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 89 with the same force and effect as if such paragraphs were separately realleged in this Fourth Claim for Relief.

91.

90. Title II ADA provides that "[n]o qualified individual with a disability shall,

25 of 70

by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. §12131.

92. The prisons comprising of Washington Department of Corrections have been recipients of federal funds are thus covered by §504's mandate, which requires recipients of federal monies to reasonably accommodate persons with disabilities in their facilities, program activities, and services, and reasonably ~~modify~~ Modify such facilities, services and programs to accomplish this purpose.

93. Washington State prisons are public entities within the meaning of Title II of the ADA and provide programs, services, or activities to the general public. Title II of the ADA has essentially the same mandate as section 504.

94. At all times relevant to this action, Roberts was a qualified individual within the meaning of Title II of the ADA and met the essential eligibility requirements for the receipt of the services, programs, or activities of Washington DOC as well as the prohibitions of discrimination. Specifically, Roberts suffered from several mental impairments that " substantially limits one or more major life activities," including but limited to " learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102.

95. Under the ADA, the Washington DOC is required to ensure that developmentally disabled prisoners are properly identified in order to provide reasonable accommodations to those prisoners. Therefore, under the ADA, a tracking

system is necessary to ensure that these disabled prisoners are properly identified. Washington DOC has no tracking or other system to ensure that these developmentally disabled prisoners are properly identified and accommodated.

96. The Defendants knew, or should have known, that Roberts suffered from mental illness.

97. The Defendants was deliberately indifferent in failing to provide Roberts with reasonable accommodations and other services related to his disabilities, and denied him the rights and benefits accorded to other inmates, solely by reason of his disabilities in violation of the ADA and Rehabilitation Act.

98. Not only did defendants deny Roberts mental health treatment, they punished him and exacerbated his condition by isolating him and keeping him in solitary confinement for years at a time with no plan for his treatment other than punishment.

99. The ADA and Rehabilitation Act require that Prison staff try to counsel developmentally disabled prisoners rather that subjecting them to the disciplinary process when they break prison rules that they do not understand.

100. Plaintiff made defendants aware of his need for a reasonable accommodation

by repeatedly communicating to defendants regarding his medical condition.

101. Plaintiff was denied proper medical care and mental health care, during a crisis. The Defendants neglected to provide him medical treatment or monitoring during his suicidal attempts. This incident caused plaintiff to experience significant physical harm and great emotional distress.

13# Defendants failed to enforce appropriate policies and procedures to ensure the provision of necessary accommodations, modifications, and/or services to inmates with developmental disabilities.

102. Defendants failed to train and supervise the prison personnel to provide necessary accommodations, modification, services, and or/ physical access to inmates with developmental disabilities.

103. Defendants could have easily accommodated plaintiff's requests.

104. As a proximate result of defendant's' discriminatory actions against plaintiff, as alleged above, plaintiff has been emotionally harmed in that plaintiff has suffered humiliation, mental anguish, anxiety, mortification, loss of good health and emotionally and physical distress, and has been injured in mind and body in an amount according to proof at trial.

FIFTH CLAIM FOR RELIEF

42 U.S.C. §1983 - Eighth Amendment - Excessive Force

~~8rd~~ Cruel and Unusual Punishment

105. Plaintiff realleges and incorporates by reference herein paragraphs 74 and 75 with the same force and effect as if such paragraphs were seperately realleged in this Fifth Claim for Relief.

106. The Eighth Amendment protects inmates against excessive use of force.

107. Defendants used sadistic and unneccessary excessive force on 4/4/20 out of frustration, anger, maliciousness. My hands and legs were cuffed behind my back and defendants punched, choked, elbowed me all over my body leaving bruises on my body. They beat me when I was being placed in the restraint bed because I was having an mental emergency. This caused plaintiff depression and PTSD, mental anguish, physical pain, pain and suffering and emotional distress.

SIXTH CLAIM FOR RELIEF

Neglegence - State civil claim

108. Plaintiff realleges and incorporates by reference herein paragraphs 1 - 107 with the same force and effect as if such paragraphs were seperately realleged in this Sixth Claim for relief.

109

109. Defendants acted with neglegence to plaintiffs medical condition condition because they knew that he was allergic to the "Oleoresin Capisicun" and refused to give him pain medicine to alleviate his pain and ignored his allergy and allowed him to be sprayed knowing that it would cause severe, adverse reactions to his health.

110. Defendants acted with neglegence to plaintiffs mental health by refusing to refer him to the CRC given his history self-harm ant serious mental illness. Defendants ignored his mental illness and chose not give me proper adequate mental health treatment while he was in the IMU/solitary confined confinement and this caused plaintiff unnecessary suffering and harm, and physical injuries amongst other injuries. Defendants knew I was severely mentally ill.

111. Defendants acted with negligence that was reckless to beat and punch and assault me to cause me intententional harm during their use of force on 4/4/2020. Defendants did this while I was shackeled and cuffed behind my back. This act was cowardly, cruel, unnecessary and it caused me emotional pain, pain suffering, physical damage and psychological harm. They beat me while I was having a mental crisis. They choked me til I nearly lost conciousness. This caused me pain which lasted weeks. And I had bruises all over my body.

.RELIEF - PRAYER

WHEREFORE, Plaintiff prays for the following relief against defendants:

A. For permanent injunction to be issued against the Washington State Department of Corrections to immediately be restrained from continuing to house plaintiff in administrative Segregation, keep lock, dead lock, secure housing Units, punitive segregation, Intensive Management Unit (IMU), Intensive Treatment Unit (ITU at SOU), and solitary confinement/isolation;

B. For plaintiff to be released from the Max Custody, Administrative Segregation, solitary Confinement/isolation, the Intensive Management Units, in the Washington State Department of Corrections;

C. For permanent injunction to be issued against the Washington State Department of Corrections, be immediately ordered to restrain and cease from continuing to spray plaintiff with the Capsicum Oleoresin;

D. For permanent injunction to be issued against the Washington State Department of Corrections to immediately restrain from housing all mentally ill offenders in the Secure Housing Units, in Washington State Department of Corrections Administrative Segregation and Intensive Management Units, that are diagnosed with SHU Syndrome, PTSD, Schizophrenia, Personality Disorders, Bipolar Disorders, Tourette's Syndrome, Attention Deficit Hyperactivity Disorder, Major Depression, OCD, Panic Disorders, Anxiety Disorders, Borderline Personality Disorder, mentally ill and chemically addicted mental illness with substance abuse, eating disorders, or any mental illness that will cause them to suffer from the effects of long-term

isolation and solitary confinement.

- E. For it to be ordered that any and all inmates housed in administrative segregation, IMU's suffering from a serious mental illness confined in SHU's, Administrative Segregation or IMUS can only be housed in solitary confinement/ IMU's or Administrative Segregation no longer than 60 days and then they must be transferred before the 60 day deadline to a mental health treatment Facility;

- F. For general and special compensatory damages for being illegally housed in isolation for years while suffering from a serious mental illness; the excessive and neglegent force, spraying Capisicum Oleoresin with deliberate indifference and neglegence, and RA and ADA violations, causing great emotional, physical, psychological pain and suffering against defendants, including nightmares and severe trauma; $6,500 each day for being housed in isolation for approximately 1092 days = $7,618,000; for excessive force an neglegence $26,000; for deliberate indifference $2,000,000; for ADA and RA violations $1,500,000; and for First Amendment violations, including physical injuries, $500 for a total of $11,143,500.00;

- G. For punitive damages for the evil intent and callous indifference for plaintiff against individually named defendants in the amount of $3,000,000.00;

- H. For jury trial on all issues triable by jury;

- I. For costs of suit incurred herein; and

- J. For such other and further relief as the court deems just

Dated this 10th day of ~~October~~ November 2020 /   Respectfully, submitted by:

Joe J.W. Roberts Jr
DoC No. 394089



STATE OF WASHINGTON
## DEPARTMENT OF CORRECTIONS
**MONROE CORRECTIONAL COMPLEX**
**P.O. BOX 888 MONROE, WASHINGTON  98272-0888**

August 29, 2019

**TO:**  ROBERTS, Joseph #394089

**FROM:**  Grievance Coordinator A. Watanabe

**SUBJECT:**  Abuse by Quantity

I received your new complaint. They have been coded with the following Log IDs: #19685221. In reviewing the new complaint and your current grievances, I found that you are currently over the limit allowed for active grievances. Per page 26 of the Offender Grievance Manual, you may only have five (5) active grievances and/or appeals. You currently have 5 active grievances. The log ID numbers are:


#19685136   #19684201   #19682949   #19682782   #19668704


Because you are over your limit, the new complaints cannot be accepted and were coded as coordinator withdrawn – over limit. It is your responsibility to know how many active grievances you have. You do have the option of withdrawing an active grievance in order to introduce a new one, but you cannot do so more than five (5) times in a year. Per the direction of the Offender Grievance Manual, this is your written warning that you are in abuse of the grievance program for the number of grievances filed and any subsequent violation may result in an infraction.

If you wish to withdraw any complaints to file a new one, please notify my office of which log ID you wish to withdraw with a re-submitted complaint of the issue you wish to introduce.

Alex Watanabe

IMU/SOU Grievance



STATE OF WASHINGTON

## DEPARTMENT OF CORRECTIONS

### Washington State Penitentiary

1313 North 13ᵗʰ Avenue - Walla Walla, Washington 99362 (509) 525-3610

1/22/2020

To: I/I Roberts, Joseph 394089

From: CS2 James Rogers-Grievance Program Coordinator

RE: Grievance Abuse by Quantity

I/I Roberts,

On 1/22/20, I received three (3) emergency grievances from you, all being deemed Non-Emergent. You currently have five (5) active grievances, with several being returned to you for being over the limit. This is not new behavior for you. From 1/3/20 to 1/22/20, the grievnace office received a total of 15 grievances, with at least five (5) of them being false emergencies. Per page 26 of the Offender Grievance Manual, "Offenders may not submit more than five (5) new complaints per calendar week or have more than five (5) ACTIVE grievances and/or appeals. If an offender exceeds these limits, the Grievance Coordinator will return all materials, explain that the offender is over the limit and list all active log ID numbers. Offenders may not withdraw more than five (5) formal grievances per year in order to initiate new grievances. If an offender exceeds any of these limits, he or she may receive corrective action.

This letter will serve as a violation and written warning regarding your abuse of the grievance program. Continued noncompliance with the Offender Grievance Program will result in disciplinary action. For every further grievance that you submit over the allowable quantity and for every grievance that you submit that is deemed Non-Emergent, an infraction will follow.

You are highly encouraged to read the Offender Grievance Manual in order to familiarize yourself with your rights and responsibilities.

If you have any questions or concerns regarding the Offender Grievance Program, do not hesitate to contact our office for clarification.

James Rogers
Corrections Specialist 2
Grievance Program Coordinator
Washington State Penitentiary

LOG I.D. NUMBER/*NUM. DE REGISTRO*

**20693274**



Department of
**Corrections**
WASHINGTON STATE

**LEVEL I - INITIAL GRIEVANCE**
*NIVEL 1 - QUEJA INICIAL*

| Name:<br>*NOMBRE:* | Last<br>*APELLIDO*<br>Roberts | First<br>*PRIMERO NOMBRE*<br>Joseph | Middle<br>*2DO NOMBRE*<br>J. | DOC Number<br>*NUMERO DOC*<br>394089 | Facility/Office<br>*FACILIDAD*<br>WSP | Unit/Cell<br>*UNIDAD/CELDA*<br>MHU me051I |
|---|---|---|---|---|---|---|

| PART A - INITIAL GRIEVANCE/*PARTE A - QUEJA INICIAL* | Date Typed  01/16/2020 | Date Due  02/03/2020 |
|---|---|---|

**I WANT TO GRIEVE / *QUIERO QUEJARME DE*:** I appeal for the following reasons: The issue still remains the same. Counselor still trying to move me to IMU despite knowing this affects me

**SUGGESTED REMEDY / *REMEDIO SUGERIDO*:** I/m on pen restriction filled out by C/o Pflugard

| J. Rogers | 01/17/2020 | Roberts Joseph | 01/17/2020 |
|---|---|---|---|
| Grievance Coordinator Signature<br>*FIRMA DE COORDINADOR DE QUEJAS* | Date<br>*FECHA* | Grievant Signature<br>*FIRMA DE QUEJANTE* | Date<br>*FECHA* |

**PART B - LEVEL I RESPONSE / *PARTE B RESPUESTA PRIMER NIVEL***

Psychologist 4 L. Robtoy reports: You were interviewed regarding this grievance on 1/30/20 at 1115 hours. During the interview, I listened to your complaints which included, "Because you guys are watching me self-mutilate, and you know being in the IMU just don't work". "You aren't giving me adequate mental health treatment". "I'm being denied ADA accomodations to be released out of the IMU into a treatment unit". "I have a right to be around inmates with similar serious mental health issues". "I'm taking this grievance to the top." I have also consulted with your primary therapist, Psychology Associate Slater,who reports that you are not engaged in or cooperative with treatment. Your current behaviors do not warrant placement in an RTU setting. I recommend that you start cooperating with your assigned therapist regarding your mental health concerns in order to obtain your goals.

35 of 70

| CS2 J. Rogers | 1/31/20 |
|---|---|
| Grievance Coordinator Signature<br>*COORDINADOR DE QUEJAS* | Date<br>*FECHA* |

You may appeal this response by submitting a written appeal to the Coordinator within five (5) working days from date this response was received.
*Ud. puede apelar esta respuesta al someter una apelación por escrito al coordinador dentro de cinco (5) días de trabajo de la fecha en que esta respuesta fue recibida.*

Distribution:   Grievance Program Manager/*Gerente del Programa de Quejas*, Grievance Coordinator/*Coordinador de Queja*, Grievant/*Quejante*
DOC 05-166 E/S (Rev. 04/01/14)                                                                                           DOC 550.100



**Department of**
**Corrections**
WASHINGTON STATE

| | LOG I.D. NUMBER |
|---|---|
| | 20693274 |

**APPEAL TO LEVEL II**
**APELACIÓN AL 2DO NIVEL**

| Name: NOMBRE: | Last APELLIDO | First PRIMERO NOMBRE | Middle 2DO NOMBRE | DOC Number NUMERO DOC | Facility/FACILIDAD Office | Unit/Cell UNIDAD/CELDA |
|---|---|---|---|---|---|---|
| | Roberts | Joseph | J | 394089 | WSP | mhu me051l |

| PART A – INITIAL GRIEVANCE/PARTE A - QUEJA INICIAL | Date Typed 02/11/2020 | Date Due 03/12/2020 |
|---|---|---|

**I WANT TO APPEAL:** I cannot continue to keep myself safe in the intensive management unit if moved there today 1/2/2020. The IMU makes me severely depressed, I feel depressed and suicidal. The act of being trapped in the IMU like I have been as a result of my mental health is unbearable. I have been in the IMU for over 3 years and it has made me self-harm, suicidal and attempt suicide numerous times.

**SUGGESTED REMEDY:**

| J. Rogers | 02/12/2020 | Roberts Joseph | 02/12/2020 |
|---|---|---|---|
| Grievance Coordinator Signature FIRMA DE COORDINADOR DE QUEJAS | Date FECHA | Grievant Signature FIRMA DE QUEJANTE | Date FECHA |

| PART B –LEVEL II RESPONSE/PARTE B RESPUESTA 2DO NIVEL |
|---|

HSM3 D. Chlipala has investigated your grievance and this is a summary of his response:

You, as well as Psychology Associate Knittel were interviewed regarding this grievance.

I have reviewed your level 1 grievance stating that your counselor is trying to move you to IMU despite knowing the affect this has on you. I reviewed the level 1 response by Dr. Robtoy who explained that you did not meet the criteria for placement in the RTU and she asked that you cooperate with your assigned therapist for all your mental health concerns in order to obtain your goals. I have reviewed your level 2 grievance stating that placement in the IMU causes you to self-harm and attempt suicide. You are currently housed on E-Tier in Health Services so I met with your therapist J. Knittel on 2/11/2020 and he stated that he was working on a recommendation into a treatment unit. On 2/25/20 you were presented to the Mental Health Teleconference call. The recommendation was for you to demonstrate your ability to engage in treatment and to collaborate with the Mental Health teams to address your goals. Please note that your stay in IMU is predicated by your behaviors. If you feel that you are having mental health issues you are strongly encouraged to continue working with your primary therapist. This grievance is unsubstantiated. You are currently housed on E-Tier in Health Services and your mental health provider is addressing your concerns and working on an appropriate placement for you.

I concur with this response.

Donald Holbrook

Superintendent, Work Release Supervisor, Field Administration Signature
SUPERINTENDENTE

3/13/2020
Date
FECHA

36 of 70

You may appeal this response by submitting a written appeal to the coordinator within cinco (5) working days from date this response was received.
Ud. puede apelar esta respuesta al someter una apelación por escrito al coordinador dentro de cinco (5) días de trabajo de la fecha en que esta respuesta fue recibida.

| LOG I.D. NUMBER/*NUM. DE REGISTRO* |
|---|
| 20693274 |



Department of
**Corrections**
WASHINGTON STATE

**APPEAL TO LEVEL III**
*APELACIÓN AL 3ER NIVEL*

| Name:<br>*Nombre:* | Last<br>*Apellido* | First<br>*Nombre* | Middle<br>*2do Nombre* | DOC Number<br>*Número DOC* | Facility/Office<br>*Institución/Oficina* | Unit/Cell<br>*Unidad/Celda* |
|---|---|---|---|---|---|---|
| | Roberts | Joseph | J. | 394089 | WSP | me031l |

| PART A - APPEAL TO LEVEL III<br>*PARTE A - APELACIÓN 3ER NIVEL* | Date Typed / *Fecha escrita a mano*<br>04/02/2020 | Due Date / *Fecha de vencimiento*<br>04/24/2020 |
|---|---|---|

**I WANT TO GRIEVE /** *QUIERO QUEJARME DE*: I appeal to Level 3. The issue is still continuing

**SUGGESTED REMEDY /** *REMEDIO SUGERIDO*:

| E. Burt | 04/03/2020 | Roberts Joseph | 04/03/2020 |
|---|---|---|---|
| Grievance Coordinator Signature<br>*Firma del Coordinador de quejas* | Date<br>*Fecha* | Grievant Signature<br>*Firma del agraviado* | Date<br>*Fecha* |

**PART B - LEVEL III RESPONSE/***PARTE B - RESPUESTA 3ER NIVEL*

I reviewed your initial grievance as well as all appeals and responses.

Dr. Lou Sowers, PhD, Chief Psychologist Washington State Department of Corrections was assigned the Level III Grievance.

I reviewed your medical record, interviewed all clinicians involved in your care, and convened multiple clinical meetings over the past four weeks to discuss your status in the Washington State Penitentiary (WSP) Close Observation Area (COA).

The result of the interviews and meetings indicates the clinicians at WSP are very invested in your care and they are genuinely invested in trying to help make your situation better. The clinicians at WSP have reached out for additional clinical help from Dr. Rome, MD, Chief of Psychiatry, Dr. Rainer, PhD, Director for Mental Health Services, and myself. Everyone understands it has been very difficult for you to fully engage in treatment, but we will not give up trying to help you. You are worth our time and effort. We believe you can engage in treatment and find a way to improve your circumstances. We also realize this will not be easy for you.

Continued on Page 2

**Page 1 of 2**

Attachment - 3

6 of 7          37 of 70          7 of 16

| | Assistant Secretary/Deputy Director/designee<br>*Subsecretario/designado* | Date<br>*Fecha* |
|---|---|---|

Distribution: Grievance Program Manager/*Gerente del Programa de Quejas*, Grievance Coordinator/*Coordinador de Queja*, Grievant/*Quejante*
DOC 05-169 E/S (Rev. 04/01/14)                                                                                      DOC 550.100

| LOG I.D. NUMBER/*NUM. DE REGISTRO* |
|---|
| 20693274 |



Department of
**Corrections**
WASHINGTON STATE

**APPEAL TO LEVEL III**
*APELACIÓN AL 3ER NIVEL*

| Name:<br>*Nombre:* | Last<br>*Apellido* | First<br>*Nombre* | Middle<br>*2do Nombre* | DOC Number<br>*Número DOC* | Facility/Office<br>*Institución/Oficina* | Unit/Cell<br>*Unidad/Celda* |
|---|---|---|---|---|---|---|
| | Roberts | Joseph | J. | 394089 | WSP | me031I |

| PART A - APPEAL TO LEVEL III<br>*PARTE A - APELACIÓN 3ER NIVEL* | Date Typed / *Fecha escrita a mano*<br>04/02/2020 | Due Date / *Fecha de vencimiento*<br>04/24/2020 |
|---|---|---|

**I WANT TO GRIEVE / *QUIERO QUEJARME DE*:** I appeal to Level 3. The issue is still continuing

**SUGGESTED REMEDY / *REMEDIO SUGERIDO*:**

| E. Burt | 04/03/2020 | Roberts Joseph | 04/03/2020 |
|---|---|---|---|
| Grievance Coordinator Signature<br>*Firma del Coordinador de quejas* | Date<br>*Fecha* | Grievant Signature<br>*Firma del agraviado* | Date<br>*Fecha* |

**PART B - LEVEL III RESPONSE/*PARTE B - RESPUESTA 3ER NIVEL***

After many clinical discussions, Dr. Rainer developed the following plan:

Mr. Roberts was referred for RTU level of care in order to address a pattern of dysfunction that has prevented him from promoting to a less restrictive environment, among other things. At times, this symptomatic behavior has interfered with his ability to effectively engage in the treatment that would be most helpful for him to change those patterns. As Mr. Roberts is Max custody, if he were to be placed in an RTU at this time it would be at MCC-SOU-ITU. Mr. Roberts has been in that program in the past and was reported to not have been a good faith participant in the services offered. After a great deal of deliberation, it has been decided that Mr. Roberts will not be placed in an RTU at this time. He will continue to be offered mental health treatment in an outpatient setting. A contract will be drafted and he will be invited to engage in the plan outlined in that contract. In very simple terms, he will be asked to participate in treatment in a restricted housing setting (not COA) for two months. If, at the end of that time he continues to be interested in participating in RTU level of care, he can be referred for RTU care. There may be a request to promote his custody at that time in order for him to be placed in a Close Custody RTU setting.

The clinical team at WSP, in consultation with Dr. Rome and myself, will discuss the new contract with you. We hope you will join with us so that more and better care can be provided. We believe that with your participation in treatment services we can move him into an RTU setting in two months.

**Page 2 of 2**

Attachment - 3

7 of 7

38 of 70   *[signature]*   8 of 16

Assistant Secretary/Deputy Director/designee
*Subsecretario/designado*

4/28/20
Date
*Fecha*

**Department of Corrections**
WASHINGTON STATE     39 of 70

LOG I.D. NUMBER
20700569

**OFFENDER COMPLAINT**

CHECK ONE:   ☐ Initial   ☒ Emergency   ☐ Appeal   ☐ Rewrite

**RESIDENTIAL FACILITIES:** Send completed form to the Grievance Coordinator. Explain what happened, when, where, and who was involved or which policy/procedure is being grieved. Be as brief as possible, but include the necessary facts. Use only one complaint form. A formal grievance begins on the date the typed grievance forms are signed by the Coordinator. Contact a Department employee to report an emergency situation or to initiate an emergency complaint. Please attempt to resolve all complaints through the appropriate Department employee(s) before pursuing a grievance.

**NOTE:** Complaints must be filed within 20 working days of the incident. Appeals must be filed within 5 working days of receiving the response. Include log ID # on rewrite or response being appealed.

| Last Name | First | Middle | DOC Number | Facility/Office | Unit/Cell |
|---|---|---|---|---|---|
| Roberts | Joseph | | 394089 | WSP | HSB-E-17 |

**COMMUNITY SUPERVISION:** Send completed copies of this form directly to: Grievance Program Manager, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

MAILING ADDRESS:  STREET OR P.O. BOX       CITY, STATE       ZIP CODE       TELEPHONE

**COMPLAINT:** On 4-14-20 I was OC'd multiple times in HSB-E-14 and HSB-E-17 they decontaminated cell E-14 but refused to decontaminate E-17 and they put me back in that cell, E-17, knowing it needs to be decontaminated. There is OC spray and residue all over the floor, walls. the whole cell has OC contamination. I woke up this morning and the allergy reaction has spread all over my body. They know that I am allergic to the OC and have extreme sensitivity to the OC. my whole body is in pain. They cut my water off so I can not self decontaminate. RN's Jackson, Farr refused to document my allergy injuries and told me it is normal to break out in blisters, swelling, Hemoraging, hives, rashes that are extremely painful and they refuse to assess me. I had no sleep last night."

**SUGGESTED REMEDY:** Stop OC-ing me. I want an HSR that says do not spray, put me in the shower, turn my water on and document my injuries."

Mandatory Filled out by C/O Hayes 7352 4-15-20
Signature I'm unable to sign.   Date 0653

**GRIEVANCE COORDINATOR'S RESPONSE**
Your complaint is being returned because:
☐ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout (sheet on ____).
☐ Administratively Withdrawn ____
☐ The formal grievance/appeal paperwork is being prepared.
☐ Not accepted

Facility/Office WSP     Date Received 4/15/2020

☒ The complaint was resolved informally.
☐ Additional information and/or rewriting needed. (See below.)
   Return within 5 working days or by: ____
☐ No rewrite received ____
☐ Sent to ____ (facility) on ____ (date).

**EXPLANATION:** This is not a medical emergency. You refused to decontaminate as recommended. ~~KS~~ 4/15/20 0659 K Jackson, RN
Copy was received at 0704 hours on 4/15/2020. Por COAE tier, and yelling CS X/Shutto at me, CS Griffith, when trying to help staff with grievance.

Coordinator's Name (print)  **H. GRIFFITH**
Coordinator's Signature CS N/Griffith    Date 4/15/20

DOC 05-165 Front (Rev. 07/26/16)      DOC 310.100, DOC 550.100

CONFIDENTIAL

Grievant Copy

| LOG I.D. NUMBER/*NUM. DE REGISTRO* |
|---|
| 20700569 |



Department of
**Corrections**
WASHINGTON STATE

**LEVEL I - INITIAL GRIEVANCE**
*NIVEL 1 - QUEJA INICIAL*

| Name: NOMBRE: | Last APELLIDO | First PRIMERO NOMBRE | Middle 2DO NOMBRE | DOC Number NUMERO DOC | Facility/Office FACILIDAD | Unit/Cell UNIDAD/CELDA |
|---|---|---|---|---|---|---|
| | Roberts | Joseph | J. | 394089 | WSP | MHU/ME141L |

| PART A - INITIAL GRIEVANCE/*PARTE A - QUEJA INICIAL* | Date Typed 04/30/2020 | Date Due 05/22/2020 |
|---|---|---|

**I WANT TO GRIEVE /** *QUIERO QUEJARME DE*: I received this grievance on 4/27/20, I had correctional officers help dictate multiple kites inquiring about the fact I never received grievances. So I wish to appeal grievance #20700569

**SUGGESTED REMEDY /** *REMEDIO SUGERIDO*:

| E. Burt | 04/31/2020 | Roberts Joseph | 04/31/2020 |
|---|---|---|---|
| Grievance Coordinator Signature *FIRMA DE COORDINADOR DE QUEJAS* | Date *FECHA* | Grievant Signature *FIRMA DE QUEJANTE* | Date *FECHA* |

| PART B - LEVEL I RESPONSE / *PARTE B RESPUESTA PRIMER NIVEL* |
|---|

You were interviewed on 05/11/2020 in regards to this grievance. CMHUS S. Buttice reports: On 4/14/20, staff responded to you suicidal/self-harm statements. Custody staff removed you from your cell, so items with the potential for self-harm could be removed, in an attempt to keep you safe. There efforts were not enough and you did self-harm. The Use of Force (Oleoresin capsicum) was required as staff had no other immediate option to stop your actions of self-harm. You were offered decontamination twice and refused each time. You were evaluated by medical staff and a record of any injuries was taken. It appears staff acted in your best interest and exhausted all apparent options to keep you safe.

| CS2 E. Burt | 05/26/2020 |
|---|---|
| Grievance Coordinator Signature *COORDINADOR DE QUEJAS* | Date *FECHA* |

You may appeal this response by submitting a written appeal to the Coordinator within five (5) working days from date this response was received.
*Ud. puede apelar esta respuesta al someter una apelación por escrito al coordinador dentro de cinco (5) días de trabajo de la fecha en que esta respuesta fue recibida.*

CONFIDENTIAL

Grievant Copy



Department of
**Corrections**
WASHINGTON STATE

41 of 70

FA

| LOG I.D. NUMBER |
| --- |
| 20700569 |
| **APPEAL TO LEVEL II** |
| **APELACIÓN AL 2DO NIVEL** |

| Name:<br>NOMBRE: | Last<br>APELLIDO | First<br>PRIMERO NOMBRE | Middle<br>2DO NOMBRE | DOC Number<br>NUMERO DOC | Facility/FACILIDAD Office | Unit/Cell<br>UNIDAD/CELDA |
| --- | --- | --- | --- | --- | --- | --- |
| | Roberts | Joseph | J. | 394089 | WSP | SCCC |

| PART A – INITIAL GRIEVANCE/PARTE A - QUEJA INICIAL | Date Typed 06/04/2020 | Date Due 06/26/2020 |
| --- | --- | --- |

I WANT TO APPEAL: I wish to appeal as it is: 1. I was put in the cell that was contaminated with the oleoresin capsicum despite knowing I have an allergy and the officers never decontaminated the cell before moving me back in there. 2. I was sprayed despite having an allergy this caused me to break out in hives and blisters and suffer in severe pain. 3. The nurses refused to provide me with anything to alleviate my allergic reactions and pain.

**SUGGESTED REMEDY:**

| E. Burt | 06/05/2020 | Roberts Joseph | 06/05/2020 |
| --- | --- | --- | --- |
| Grievance Coordinator Signature<br>FIRMA DE COORDINADOR DE QUEJAS | Date<br>FECHA | Grievant Signature<br>FIRMA DE QUEJANTE | Date<br>FECHA |

| PART B –LEVEL II RESPONSE/PARTE B RESPUESTA 2DO NIVEL |
| --- |

CPM S. Sundberg has investigated your grievance and this is a summary of the investigation/response. You were interviewed at Level 1. I have reviewed your level one grievance as well as your level two appeal. CPM S. Sundberg reports: I have reviewed your level one complaint as response as well as your level two complaint. The level one response is appropriate. The use of force was approved by supervisory staff and reviewed by medical as safe.

I concur with this response.

| Donald Holbrook | 06/19/2020 |
| --- | --- |
| Superintendent, Work Release Supervisor, Field Administration Signature<br>SUPERINTENDENTE | Date<br>FECHA |

You may appeal this response by submitting a written appeal to the coordinator within cinco (5) working days from date this response was received.
Ud. puede apelar esta respuesta al someter una apelación por escrito al coordinador dentro de cinco (5) días de trabajo de la fecha en que esta respuesta fue recibida.

Distribution   Grievance Program Manager-Gerente del Programa de Quejas,  Grievance Coordinator-Coordinador de Queja,  Grievant-Quejante
DOC 05-168 E/S (Rev. 04/01/14)                                                                                        DOC 550.100

FCO1

42 of 70



Department of
**Corrections**
WASHINGTON STATE

LOG I.D. NUMBER/*NUM. DE REGISTRO*
**20700569**

APPEAL TO LEVEL ...
*APELACIÓN AL 3ER NIVEL*

| Name: Nombre: | Last Apellido | First Nombre | Middle 2do Nombre | DOC Number Número DOC | Facility/Office Institución/Oficina | Unit/Cell Unidad/Celda |
|---|---|---|---|---|---|---|
| | Roberts | Joseph | J | 394089 | WSP | SCCC |

| PART A - APPEAL TO LEVEL III *PARTE A - APELACIÓN 3ER NIVEL* | Date Typed / *Fecha escrita a mano* 07/9/2020 | Due Date / *Fecha de vencimiento* 07/31/2020 |
|---|---|---|

**I WANT TO GRIEVE / *QUIERO QUEJARME DE*:** I appeal to level 3: I received this appeal response on 6/24/2020

**SUGGESTED REMEDY / *REMEDIO SUGERIDO*:**

| E. Burt | 07/10/2020 | Roberts Joseph | 07/10/2020 |
|---|---|---|---|
| Grievance Coordinator Signature *Firma del Coordinador de quejas* | Date *Fecha* | Grievant Signature *Firma del agraviado* | Date *Fecha* |

**PART B - LEVEL III RESPONSE/*PARTE B - RESPUESTA 3ER NIVEL***

I reviewed your initial grievance as well as all appeals and responses.

DOC Administrator, Tim Thrasher, also reviewed this grievance and provided this response:

I reviewed your grievance, the investigation, and the responses you were provided  I have read your Level III appeal.  A complete investigation was conducted regarding your complaint. Additionally, I reviewed the completed Use of Force packet. Administration has deemed the Use of Force which occurred as appropriate. I concur with the previous responses you were provided.

| | 9-11-2020 |
|---|---|
| Assistant Secretary/Deputy Director/designee *Subsecretario/designado* | Date *Fecha* |

Distribution:  Grievance Program Manager/*Gerente del Programa de Quejas*, Grievance Coordinator/*Coordinador de Queja*, Grievant/*Quejante*
DOC 05-169 E/S (Rev. 04/01/14)                                    DOC 550.100



**Department of**
# Corrections
WASHINGTON STATE

44 of 70

| LOG I.D. NUMBER |
|---|
| 19680986 |

## OFFENDER COMPLAINT

**CHECK ONE:** ☒ Initial ☐ Emergency ☐ Appeal ☐ Rewrite

**RESIDENTIAL FACILITIES:** Send completed form to the Grievance Coordinator. Explain what happened, when, where, and who was involved or which policy/procedure is being grieved. Be as brief as possible, but include the necessary facts. Use only one complaint form. A formal grievance begins on the date the typed grievance forms are signed by the Coordinator. Contact a Department employee to report an emergency situation or to initiate an emergency complaint. Please attempt to resolve all complaints through the appropriate Department employee(s) before pursuing a grievance.

**NOTE:** Complaints must be filed within 20 working days of the incident. Appeals must be filed within 5 working days of receiving the response. Include log ID # on rewrite or response being appealed.

| Last Name | First | Middle | DOC Number | Facility/Office | Unit/Cell |
|---|---|---|---|---|---|
| Roberts | Joe | | 394089 | MCC | IMU-EM1 |

**COMMUNITY SUPERVISION:** Send completed copies of this form directly to: Grievance Program Manager, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

| MAILING ADDRESS: STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE |
|---|---|---|---|
| | | | |

**COMPLAINT:** I have been in solitary confinement - IMU- for over two years from April 2017-June 2019. I am a s-code 3 with serious mental health diagnoses and I have been punished and kept on solitary confinement. This is affecting my mental health causing severe psychological suffering. I am constantly depressed, I talk to myself for hours and sometimes answer my own questions. Sometimes I space out for hours and lose focus of reality.

Note* I grieve that these conditions affect me personally and causes severe psychological suffering.

**SUGGESTED REMEDY:** Remove me out of the IMU process to next level

Mandatory Yes No

Signature _____   Date 6/16/19  10:00PM

---

| **GRIEVANCE COORDINATOR'S RESPONSE** | Facility/Office MCC-IMU | Date Received 6-13-19 |
|---|---|---|
| Your complaint is being returned because: | ☐ The complaint was resolved informally. | |
| ☒ It is not a grievable issue. | ☐ Additional information and/or rewriting needed. (See below.) | |
| ☐ You requested to withdraw the complaint. | | |
| ☐ You failed to respond to callout (sheet) on ____ | Return within 5 working days or by: ____ | |
| ☐ Administratively Withdrawn ____ | ☐ No rewrite received ____ | |
| ☐ The formal grievance/appeal paperwork is being prepared. | ☐ Sent to ____ (facility) on ____ (date). | |
| ☐ Not accepted | | |

**EXPLANATION:** Not grievable. Your custody level & status is classification issue which has pre-established appeal process & review processes. You are currently housed in the CDA and under mental health care. Please continue to speak with MH on your concerns.

| Coordinator's Name (print) | Coordinator's Signature | Date 6-19-19 |
|---|---|---|
| Marsm | | |

DOC 05-165 Front (Rev. 07/26/16)                    DOC 310.100, DOC 550.100



45 of 70

| | LOG I.D. NUMBER |
|---|---|
| | 19680956 |

## Department of Corrections
**WASHINGTON STATE**

## OFFENDER COMPLAINT

**CHECK ONE:** ☐ Initial   ☐ Emergency   ☒ Appeal   ☐ Rewrite

**RESIDENTIAL FACILITIES:** Send completed form to the Grievance Coordinator. Explain what happened, when, where, and who was involved or which policy/procedure is being grieved. Be as brief as possible, but include the necessary facts. Use only one complaint form. A formal grievance begins on the date the typed grievance forms are signed by the Coordinator. Contact a Department employee to report an emergency situation or to initiate an emergency complaint. Please attempt to resolve all complaints through the appropriate Department employee(s) before pursuing a grievance.

**NOTE:** Complaints must be filed within 20 working days of the incident. Appeals must be filed within 5 working days of receiving the response. Include log ID # on rewrite or response being appealed.

| Last Name | First | Middle | DOC Number | Facility/Office | Unit/Cell |
|---|---|---|---|---|---|
| Roberts | Joe | J.W. | 374089 | MCC | IMU - F147 |

**COMMUNITY SUPERVISION:** Send completed copies of this form directly to: Grievance Program Manager, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

| MAILING ADDRESS:  STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE |
|---|---|---|---|
| | | | |

**COMPLAINT:** I appeal your response Mr. Pete Manson. I would like to add:

1. Pursuant the offender grievance program Page 9 states WHAT IS GRIEVANCE AND procedures that directly affect the living conditions of the offender are grievable!

2. ~~Because~~ Because I am max custody per policy I am to remain on solitary confinement that is the rule and procedure.

NOTE* I argue that these conditions affect me personally and causes severe psychological suffering!

**SUGGESTED REMEDY:** Remove me out the IMU process to next level.

Mandatory

Signature _____     Date 06/20/2019 10:30AM

### GRIEVANCE COORDINATOR'S RESPONSE
Your complaint is being returned because:
☐ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout (sheet) on _____
☐ Administratively Withdrawn _____
☐ The formal grievance/appeal paperwork is being prepared.
☐ Not accepted

| Facility/Office | Date Received |
|---|---|
| MCC - IMU | 6-27-19 |

☐ The complaint was resolved informally.
☐ Additional information and/or rewriting needed. (See below.)
Return within 5 working days or by: _____
☐ No rewrite received _____
☒ Sent to HQ (facility) on 7/1/19 (date).

**EXPLANATION:**

Not grievable Appeal. Sent to HQ for G.P.M review.

| Coordinator's Name (print) | B Blez | Coordinator's Signature | B Blez | Date | 7/1/19 |
|---|---|---|---|---|---|

DOC 05-165 Front (Rev. 07/26/16)                    DOC 310.100, DOC 550.100

43 of 70



STATE OF WASHINGTON
**DEPARTMENT OF CORRECTIONS**
P. O. Box 41129 * Olympia, Washington 98504-1129 * Tel (360) 725-8223
FAX (360) 664-4056

July 9, 2019

Roberts, Joseph # 394089
Monroe Correction Center
M147

Mr. Roberts;

I am responding to your appeal of Grievance Log ID (GID) 19680986, dated 06/24/19. The grievance coordinator found your complaint not grievable. I concur with that determination.

According to page 11 of the Offender Grievance Program Manual, IMS assignment is not a grievable issue because there are established review and appeals processes built-in; you may address your concerns through those administrative reviews.

Sincerely,

Dale Caldwell, HQ Grievance Program Manager

CC:  Brandi Blair, MCC Grievance Coordinator
     Grievance Log ID 19680986

6

**Department of**
# Corrections
WASHINGTON STATE

46 of 70

LOG I.D. NUMBER
206~~~990~~

**OFFENDER COMPLAINT**

CHECK ONE:  ☐ Initial   ☒ Emergency   ☐ Appeal   ☐ Rewrite

RESIDENTIAL FACILITIES: Send completed form to the Grievance Coordinator. Explain what happened, when, where, and who was involved or which policy/procedure is being grieved. Be as brief as possible, but include the necessary facts. Use only one complaint form. A formal grievance begins on the date the typed grievance forms are signed by the Coordinator. Contact a Department employee to report an emergency situation or to initiate an emergency complaint. Please attempt to resolve all complaints through the appropriate Department employee(s) before pursuing a grievance.

NOTE:    Complaints must be filed within 20 working days of the incident. Appeals must be filed within 5 working days of receiving the response. Include log ID # on rewrite or response being appealed.

| Last Name | First | Middle | DOC Number | Facility/Office | Unit/Cell |
|---|---|---|---|---|---|
| Roberts | Joseph | Jr | 394089 | WSP | NSB B14 |

COMMUNITY SUPERVISION: Send completed copies of this form directly to: Grievance Program Manager, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

| MAILING ADDRESS:   STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE |
|---|---|---|---|
| | | | |

COMPLAINT: I have been denied mental health treatment, as a result this has exasterbated my mental health illnesses and caused me to act out like a kid. Mental health custody administrative and corporate employee's of DOC document that I have refused mental health treatment, when in fact this is not true and I have adamately been trying to get treatment.

SUGGESTED REMEDY: Sew me to SOH so I can recieve mental health treatment (worth by Sg Heuer, class 7510) Mandatory unable to sign                    03/27/20
                                                                    Signature                    Date

GRIEVANCE COORDINATOR:
Your complaint is page 10 of the ... grievances will be ...
☐ It is not a returned when there have been similar complaints
☐ You requ: regarding the same issue. Complaints regarding
☐ You failed the same issue or incident will be assigned one
☐ Administra Log ID number and grievance staff will return the
☐ The formal complaint. Only one complaint may be filed.
☐ Not accepte. issue or incident ... paperwork is being prepared.

| Facility/Office WSP | Date Received 9-30-20 |
|---|---|

☐ The complaint was resolved informally.
☐ Additional information and/or rewriting needed. (See below.)
    Return within 5 working days or by: _____
☐ No rewrite received _____
☐ Sent to _____ (facility) on _____ (date).

EXPLANATION:    This does not meet the criteria of an Emergency
Grievance as defined on pg. 7 of the Offender
Program Manual and will be processed as a
routine grievance. Please review pg. 7, and note
the possible disciplinary action for declaring false
emergencies.

Response @ 1210

| Coordinator's Name (print) H. GRIFFITH | Coordinator's Signature CSC... | Date 3/30/20 |
|---|---|---|

DOC 05-165 Front (Rev. 07/26/16)                    DOC 310.100, DOC 550.100



**Department of Corrections**
WASHINGTON STATE

47 of 70

**OFFENDER COMPLAINT**

**CHECK ONE:** ☒ Initial   ☐ Emergency   ☐ Appeal   ☐ Rewrite

**RESIDENTIAL FACILITIES:** Send completed form to the Grievance Coordinator. Explain what happened, when, where, and who was involved or which policy/procedure is being grieved. Be as brief as possible, but include the necessary facts. Use only one complaint form. A formal grievance begins on the date the typed grievance forms are signed by the Coordinator. Contact a Department employee to report an emergency situation or to initiate an emergency complaint. Please attempt to resolve all complaints through the appropriate Department employee(s) before pursuing a grievance.

**NOTE:** Complaints must be filed within 20 working days of the incident. Appeals must be filed within 5 working days of receiving the response. Include log ID # on rewrite or response being appealed.

| Last Name | First | Middle | DOC Number | Facility/Office | Unit/Cell |
|-----------|-------|--------|------------|-----------------|-----------|
| Roberts | Joe | | 399089 | MCC | IMW-F141 |

**COMMUNITY SUPERVISION:** Send completed copies of this form directly to: Grievance Program Manager, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

| MAILING ADDRESS: STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE |
|---|---|---|---|
| | | | |

**COMPLAINT:** On 5/29/2019, at approximately 12:10-12:20 PM, I had my FIRST hearing with CUS Kulloka, CS2 Todd Saunders, Mental health thumphixey and during the hearing, I explained that I had maintained good stable behavior for a year since March 2018- April 2019. And did everything required as HQ's Olympia requested. Despite this thumphixey, Saunders and Kulloska said they don't care about my good behavior. They said because I have 8 major infractions pending they were going to all recommend I maintain on Max custody. I explained I was in the IMW for over two years.

Note* I grieve misconduct of employees. This complaint is about employee misconduct.

**SUGGESTED REMEDY:** Please process to next level.

Mandatory~~Signature~~
Signature                                    6/10/2019 - 10:00 PM
                                             Date

---

**GRIEVANCE COORDINATOR'S RESPONSE**
Your complaint is being returned because:
☐ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout (sheet) on _____
☐ Administratively Withdrawn _____
☐ The formal grievance/appeal paperwork is being prepared.
☐ Not accepted

Facility/Office   MCC - IMU
Date Received   6-13-19

☐ The complaint was resolved informally.
☒ Additional information and/or rewriting needed. (See below.)
   Return within 5 working days or by: 6/26/19
☐ No rewrite received _____
☐ Sent to _____ (facility) on _____ (date).

**EXPLANATION:** Rewrite - Combine to a single complaint as you are complaining of staff actions - the same staff at the same meeting/time - single issue.

| Coordinator's Name (print) | Coordinator's Signature | Date |
|---|---|---|
| P Maxson | J Max | 6-19-19 |

DOC 05-165 Front (Rev. 07/26/16)                                    DOC 310.100, DOC 550.100



Department of
**Corrections**
WASHINGTON STATE

48 of 70

**LOG I.D. NUMBER**
19680987

**OFFENDER COMPLAINT**

**CHECK ONE:** ☒ Initial   ☐ Emergency   ☐ Appeal   ☐ Rewrite

**RESIDENTIAL FACILITIES:** Send completed form to the Grievance Coordinator. Explain what happened, when, where, and who was involved or which policy/procedure is being grieved. Be as brief as possible, but include the necessary facts. Use only one complaint form. A formal grievance begins on the date the typed grievance forms are signed by the Coordinator. Contact a Department employee to report an emergency situation or to initiate an emergency complaint. Please attempt to resolve all complaints through the appropriate Department employee(s) before pursuing a grievance.

**NOTE:** Complaints must be filed within 20 working days of the incident. Appeals must be filed within 5 working days of receiving the response. Include log ID # on rewrite or response being appealed.

| Last Name | First | Middle | DOC Number | Facility/Office | Unit/Cell |
|-----------|-------|--------|------------|-----------------|-----------|
| Roberts | Joe | | 394089 | MCC | IMU-F147 |

**COMMUNITY SUPERVISION:** Send completed copies of this form directly to: Grievance Program Manager, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

| MAILING ADDRESS: STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE |
|---|---|---|---|
| | | | |

**COMPLAINT:** On May 29th 2019, I had my FMRT during the FMRT hearing Khounphixay and kullojka both antagonized me and harrassed me about my lawsuit that I have filed against Khounphixay in C18-790-BLT-MSP and C19-014-TSZ-MLP. Kullojka taunted me and said they Joe remember what you tell me the day you first came to the IMU"? I said, "No!" Kullojka said,"You told me you were going to do something so you could sue us." & she said I personally documented that in your OMNI. I was retaliated against for my filing of a lawsuit.

NOTE* My grievance is ~~not~~ about employee misconduct (RETALIATION)!

**SUGGESTED REMEDY:** Process to next level.

Mandatory _____
Signature

_____
Date

---

**GRIEVANCE COORDINATOR'S RESPONSE**
Your complaint is being returned because:
☐ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout (sheet) on _____
☐ Administratively Withdrawn _____
☐ The formal grievance/appeal paperwork is being prepared.
☐ Not accepted

| Facility/Office MCC - IMU | Date Received 6-13-19 |
|---|---|
☐ The complaint was resolved informally.
☒ Additional information and/or rewriting needed. (See below.)
  Return within 5 working days or by: 6/26/19
☐ No rewrite received _____
☐ Sent to _____ (facility) on _____ (date).

**EXPLANATION:** Rewrite - Combine to a single complaint as you are complaining of staff actions - the same staff at the same meeting - single BSU.

| Coordinator's Name (print) P Maxson | Coordinator's Signature | Date 6/16/19 |

DOC 05-165 Front (Rev. 07/26/16)

DOC 310.100, DOC 550.100



Department of
**Corrections**
WASHINGTON STATE

*As you requested, Rewrite!*
*49 of 70*

**LOG I.D. NUMBER**
19680987

**OFFENDER COMPLAINT**

**CHECK ONE:** ☐ Initial   ☐ Emergency   ☐ Appeal   ☒ Rewrite

**RESIDENTIAL FACILITIES:** Send completed form to the Grievance Coordinator. Explain <u>what happened</u>, <u>when</u>, <u>where</u>, and <u>who</u> was involved or which policy/procedure is being grieved. Be as brief as possible, but include the necessary facts. Use only one complaint form. A formal grievance begins on the date the typed grievance forms are signed by the Coordinator. Contact a Department employee to report an emergency situation or to initiate an emergency complaint. Please attempt to resolve all complaints through the appropriate Department employee(s) before pursuing a grievance.

**NOTE:** Complaints must be filed within 20 working days of the incident. Appeals must be filed within 5 working days of receiving the response. Include log ID # on rewrite or response being appealed.

| Last Name | First | Middle | DOC Number | Facility/Office | Unit/Cell |
|-----------|-------|--------|------------|-----------------|-----------|
| Roberts | Joe | Jr. | 399089 | MCC | IMU-F197 |

**COMMUNITY SUPERVISION:** Send completed copies of this form directly to: Grievance Program Manager, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

| MAILING ADDRESS: STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE |
|---|---|---|---|
| | | | |

**COMPLAINT:** On May 29th, 2019, at approx. 12:10-12:20 PM, I had my FMRT hearing with COs Kullojka, C+ Todd Saunders, Mental health Khounphixay and during the hearing, I explained I have maintained good stable behaviour and was infraction free for a year March 2018-April 2019, and did everything required as HQ's Olympia requested. Despite this Khounphixay, Saunders, Kullojka said they dont care about my good behaviours. They said I have 8 major infractions pending and they were going to all recommend I maintain on Max custody. I explained I have been in the IMU for over two years. Both Kullojka and Khounphixay antagonized me and harrassed me about my filing a lawsuit against Khounphixay in C18-746-BAT-MJP and C19-014-TSZ-MLP. I was called all types of inappropriate epithets. Kullojka twisted me and said they Joe remember what you told me the day you first came to the IMU? I said no. Kullojka said you told me you were going to do something so you could sue us. Kullojka said I personally documented this in your OMNI.

NOTE* As you requested, I am combining my grievances and my grievance is about employee misconduct.

**SUGGESTED REMEDY:** Please process to next level.

Mandatory: _[signature]_
Signature

10:00 PM
6/24/2019
Date

**GRIEVANCE COORDINATOR'S RESPONSE**
Your complaint is being returned because:
☐ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout (sheet) on _____.
☐ Administratively Withdrawn _____.
☒ The formal grievance/appeal paperwork is being prepared.
☐ Not accepted

| Facility/Office | Date Received |
|---|---|
| MCC-IMU | 6-27-19 |

☐ The complaint was resolved informally.
☐ Additional information and/or rewriting needed. (See below).
   Return within 5 working days or by: _____.
☐ No rewrite received _____.
☐ Sent to _____ (facility) on _____ (date).

**EXPLANATION:**

Accepted - Level I

| Coordinator's Name (print) | Coordinator's Signature | Date |
|---|---|---|
| B. Blair | B. Blair | 7/2/19 |

DOC 05-165 Front (Rev. 07/26/16)

DOC 310.100, DOC 550.100

CÓDIGO. NÚMERO NUM. DE REGISTRO
19680987



Department of
**Corrections**
WASHINGTON STATE

50 of 70

**LEVEL I - INITIAL GRIEVANCE**
*NIVEL 1 - QUEJA INICIAL*

| Name: NOMBRE: | Last APELLIDO | First PRIMERO NOMBRE | Middle 2DO NOMBRE | DOC Number NUMERO DOC | Facility/Office FACILIDAD | Unit/Cell UNIDAD/CELDA |
|---|---|---|---|---|---|---|
| | Roberts | Joseph | | 394089 | MCC-IMU | F-197 |

| PART A - INITIAL GRIEVANCE/*PARTE A - QUEJA INICIAL* | Date Typed 07/12/19 | Date Due 07/26/19 |
|---|---|---|

**I WANT TO GRIEVE /** *QUIERO QUEJARME DE***:** On May 29th, at approx. 12:10-12:20 PM, I had my FMRT hearing with CUS Kullojka, CS2 Todd Saunders, Mental Health Khounphixay and during the hearing I explained I have maintained good stable behavior and was infraction free for a year March 2018-April 2019, and did everything as HQ's Olympia requested. Despite this Khounphixay, Saunders, Kullojka said they don't care about my good behavior. They said I have 8 major infractions pending and they were going to recommend I maintain on Max custody. I explained I have been in the IMU for over two years. Both Kullojka and Khounphixay antagonized me and harassed me about my filing a lawsuit against Khounphixay in C18-746-BAT-MLP. I was called all types of inappropriate epithets. Kullojka taunted me and said hey Joe remember what you told me the day you first came to the IMU? I said no! Kullojka said you told me you were going to do something so you could sue us. Kullojka said I personally documented this in your OMNI. NOTE* As you requested, I am combining my grievances and my grievance is about employee misconduct.

**SUGGESTED REMEDY /** *REMEDIO SUGERIDO***:** Please process to next level.

| /S/ Brandi Blair | 07/12/19 | /S/ Roberts, Joseph | 06/24/19 |
|---|---|---|---|
| Grievance Coordinator Signature *FIRMA DE COORDINADOR DE QUEJAS* | Date *FECHA* | Grievant Signature *FIRMA DE QUEJANTE* | Date *FECHA* |

| PART B - LEVEL I RESPONSE / *PARTE B RESPUESTA PRIMER NIVEL* |
|---|

Your complaint states that on 5/29/2019 you attended your Facility Risk Management Team (FRMT) meeting. During the meeting, you alleged that you were called names and taunted by staff members.

This was investigated by MCC IMU Corrections Specialist 2 (CS2) Bryan Bechler. He interviewed the involved staff and reviewed OMNI chronological (chrono) entries. You were interviewed about this issue on 8/9/2019.

You discussed with the investigator the exact epithets you alleged were used against you and that you were ignored when asking questions about why you were being recommended to remain in Maximum Custody. According to all of the interviews from the staff that were involved in the FRMT, there is no evidence that inappropriate language or epithets were used in the meeting and that attempts were made by staff to discuss your behaviors that lead to the decision of the FRMT, but you frequently interrupted the conversation. You became upset and frequently reminded staff about your pending lawsuit, taunting them about your desire to have them terminated from DOC employment.

It appears that your goal of the FRMT meeting was to be promoted from IMU and return to general population in SOU. I would like to encourage you to follow facility rules and be sure to pro-socially dialogue with staff to fully understand the expectations the FRMT has of you so that you may meet this goal in the future.

There was no evidence to support your claims.

| Alex Watanabe | | 8/14/2019 |
|---|---|---|
| Grievance Coordinator Signature *COORDINADOR DE QUEJAS* | | Date *FECHA* |

You may appeal this response by submitting a written appeal to the Coordinator within five (5) working days from date this response was received. *Ud. puede apelar esta respuesta al someter una apelación por escrito al coordinador dentro de cinco (5) días de trabajo de la fecha en que esta respuesta fue recibida.*

**LOG I.D. NUMBER**
19600937

**Department of Corrections**
WASHINGTON STATE

51 of 70

**OFFENDER COMPLAINT**

CHECK ONE:  ☐ Initial   ☐ Emergency   ☒ Appeal   ☐ Rewrite

**RESIDENTIAL FACILITIES:** Send completed form to the Grievance Coordinator. Explain what happened, when, where, and who was involved or which policy/procedure is being grieved. Be as brief as possible, but include the necessary facts. Use only one complaint form. A formal grievance begins on the date the typed grievance forms are signed by the Coordinator. Contact a Department employee to report an emergency situation or to initiate an emergency complaint. Please attempt to resolve all complaints through the appropriate Department employee(s) before pursuing a grievance.

**NOTE:** Complaints must be filed within 20 working days of the incident. Appeals must be filed within 5 working days of receiving the response. Include log ID # on rewrite or response being appealed.

| Last Name | First | Middle | DOC Number | Facility/Office | Unit/Cell |
|-----------|-------|--------|------------|-----------------|-----------|
| Roberts | Joe | | 394089 | MCC | IMU-E136 |

**COMMUNITY SUPERVISION:** Send completed copies of this form directly to: Grievance Program Manager, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

| MAILING ADDRESS:  STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE |
|---|---|---|---|
| | | | |

**COMPLAINT:** I appeal I never used inappropriate language. You guys are liers and crooked!!!!!!!!!!!!!!

**SUGGESTED REMEDY:** Process to next level

Mandatory _____
Signature

8/16/19 sent at
Date 10:00 PM

---

**GRIEVANCE COORDINATOR'S RESPONSE**
Your complaint is being returned because:
☐ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout (sheet) on _____
☒ Administratively Withdrawn   Over Limit
☒ The formal grievance/appeal paperwork is being prepared.
☐ Not accepted

Facility/Office   MCC-IMU
Date Received   8/20/19

☐ The complaint was resolved informally.
☒ Additional information and/or rewriting needed. (See below.)
Return within 5 working days or by: _____
☐ No rewrite received _____.
☐ Sent to _____ (facility) on _____ (date).

**EXPLANATION:** You currently have 5 active grievances: 19685036, 19684201, 19682949, 19682782, and 18668704. per page 26 of the Offender Grievance Manual explains that you may not have more than 5 active complaints/grievances This has been

| Coordinator's Name (print) | Coordinator's Signature | Date |
|---|---|---|
| Stemler | Stemler | 8/28/19 |

administratively withdrawn

DOC 05-165 Front (Rev. 07/26/16)                          DOC 310.100, DOC 550.100



**CONFIDENTIAL**

| LOG I.D. NUMBER/*NUM. DE REGISTRO* |
| --- |
| 20699781 |

52 of 70

# Department of **Corrections**
WASHINGTON STATE

# Grievant Copy

**LEVEL I - INITIAL GRIEVANCE**
*NIVEL 1 - QUEJA INICIAL*

| Name: *NOMBRE:* | Last *APELLIDO* | First *PRIMERO NOMBRE* | Middle *2DO NOMBRE* | DOC Number *NUMERO DOC* | Facility/Office *FACILIDAD* | Unit/Cell *UNIDAD/CELDA* |
| --- | --- | --- | --- | --- | --- | --- |
| | Roberts | Joseph | J. | 394089 | WSP | MHU ME141 |

| PART A - INITIAL GRIEVANCE/*PARTE A - QUEJA INICIAL* | | Date Typed 04/21/2020 | Date Due 05/12/2020 |
| --- | --- | --- | --- |

**I WANT TO GRIEVE / *QUIERO QUEJARME DE:*** I appeal the issues are the same I have multiple deadlines 1.a) I have new deadlines in multiple cases #2:20-CV-0376-rsm-bat 5/13/20;b) Snohomish county district cour #4/24/20 U20-21/ c); Franklin county superior court #18-1-50328-11, on 4/24/20; d); Court Appeals division one #80725-1-1, on 5/5/20, e); 2:20 e); 20:20-CV-0376-RSM-BAT, I need to amend, I have 20 days. The above dates are deadlines. I need help getting all my property from IMUS I have sent kites to IMUS property officer Gonzalez he ignored them. I need access to the law library. Per Doc Policy 590.500, I'm entitled to my legal property and a law library. *The reason I filed my appeal late cause I was on paper and pen restriction from 3/9/20-4/14/20, and I did not have access to this grievance.

**SUGGESTED REMEDY / *REMEDIO SUGERIDO:***

| E. Burt | 04/22/2020 | Roberts Joseph | 04/22/2020 |
| --- | --- | --- | --- |
| Grievance Coordinator Signature *FIRMA DE COORDINADOR DE QUEJAS* | Date *FECHA* | Grievant Signature *FIRMA DE QUEJANTE* | Date *FECHA* |

| PART B - LEVEL I RESPONSE / *PARTE B RESPUESTA PRIMER NIVEL* |
| --- |

You were interviewed on 04/24/2020 in regards to this grievance. CC3 J. Rogers reports: CC3 J. Rogers reports I have investigated your grievance and reviewed your level 0 response and level 1 appeal. You were interviewed regarding this grievance on 4/24/20 in the HSB.

You claimed that you do not have access to your legal work but you showed me several legal documents that you have received from your property. You also mentioned that you have several pending court deadlines. I informed you that you need to contact Law Librarian Lisa Morrow so that she can verify the legal deadlines and case numbers. Once this is done, you will be granted access to the additional materials that you are requesting. Due to policy 320.255 and your max custody placement, you are only allowed one 10x12x18 box of legal documents/papers from your general population property.
Once you verify your deadline request, you can work with Sgt. Kolowinski to get access to the rest of your materials.

| CS2 E. Burt | | 05/07/2020 |
| --- | --- | --- |
| Grievance Coordinator Signature *COORDINADOR DE QUEJAS* | | Date *FECHA* |

You may appeal this response by submitting a written appeal to the Coordinator within five (5) working days from date this response was received.
*Ud. puede apelar esta respuesta al someter una apelación por escrito al coordinador dentro de cinco (5) días de trabajo de la fecha en que esta respuesta fue recibida.*



**CONFIDENTIAL**

53 of 70

**Department of Corrections** WASHINGTON STATE

**Grievant Copy**

| | |
|---|---|
| **LOG I.D. NUMBER** | **20699781** |

**APPEAL TO LEVEL II**
**APELACIÓN AL 2DO NIVEL**

| Name: NOMBRE: | Last APELLIDO **Roberts** | First PRIMERO NOMBRE **Joseph** | Middle 2DO NOMBRE **Jw** | DOC Number NUMERO DOC **394089** | Facility/FACILIDAD Office **WSP** | Unit/Cell UNIDAD/CELDA **SCCC** |
|---|---|---|---|---|---|---|

**PART A – INITIAL GRIEVANCE/PARTE A - QUEJA INICIAL**    Date Typed   **5/21/20.**     Date Due   **6/15/20**

**I WANT TO APPEAL:** I appeal because: I just received a copy of this grievance on 5/15/20. 1. The legal property you speak of is documents that came from the courts (e-files); 2. I missed my deadlines Franklin County Superior Court 18-1-50328-11 of 5/5/20; Court of Appeals #807251-1 5/5/20, in case 2:20-CV-00376-RSM-BAT I still need to amend I have 20 days, in my 9ᵗʰ Cir Court of Appeals I have a court deadline in June 2020 and I don't have my property to verify the deadlines. In 2:19-CV-00014-MJP-MLP, I have missed multiple deadlines in January and February-April 2020. And I was denied access to a law library.

**SUGGESTED REMEDY:** Send me all my property from WSP, IMU S as I am at SCCC IMU. [5/15/20]

| E. Burt | 5/22/20 | Joseph Roberts | 5/22/20 |
|---|---|---|---|
| Grievance Coordinator Signature FIRMA DE COORDINADOR DE QUEJAS | Date FECHA | Grievant Signature FIRMA DE QUEJANTE | Date FECHA |

**PART B –LEVEL II RESPONSE/PARTE B RESPUESTA 2DO NIVEL**

AA3 K. Brannock has investigated your grievance and this is a summary of the investigation/response. You were not interviewed. I have reviewed your level one grievance as well as your level two appeal. AA# Brannock reports: I/I Roberts arrived at WSP on 9/9/2019 and has been in and out of our HSB since that date. Our HSB is not equipped with an legal library computer. We do in fact have the law librarian/Counselor that is available when I/I need something for their legal procedures all they have to do is send them a kite. We haven't denied his legal access.  I/I Roberts transferred out of WSP on 5/13/2020. At this time we are in the process of getting his property transferred to his current facility (SCCC-IMU - F/FA10). I/I Roberts property will be shipped out on the next transfer bus that will go out on Monday June 1, 2020. I/I Roberts property did in fact make it on the chain bus the morning of 6/1/2020.

I concur with this response.

| Donald Holbrook | | 06/03/2020 |
|---|---|---|
| Superintendent, Work Release Supervisor, Field Administration Signature SUPERINTENDENTE | | Date FECHA |

You may appeal this response by submitting a written appeal to the coordinator within cinco (5) working days from date this response was received.
Ud. puede apelar esta respuesta al someter una apelación por escrito al coordinador dentro de cinco (5) días de trabajo de la fecha en que esta respuesta fue recibida.

**CONFIDENTIAL**

54 of 70

**Grievant Copy**

| LOG I.D. NUMBER/*NUM. DE REGISTRO* |
|---|
| 20699781 |



Department of **Corrections**
WASHINGTON STATE

**APPEAL TO LEVEL III**
*APELACIÓN AL 3ER NIVEL*

| Name:<br>*Nombre:* | Last<br>*Apellido*<br>Roberts | First<br>*Nombre*<br>Joseph | Middle<br>*2do Nombre*<br>J. | DOC Number<br>*Número DOC*<br>394089 | Facility/Office<br>*Institución/Oficina*<br>WSP | Unit/Cell<br>*Unidad/Celda*<br>SCCC |
|---|---|---|---|---|---|---|
| **PART A - APPEAL TO LEVEL III**<br>*PARTE A - APELACIÓN 3ER NIVEL* | | Date Typed / *Fecha escrita a mano*<br>06/18/2020 | | | Due Date / *Fecha de vencimiento*<br>07/13/2020 | |

**I WANT TO GRIEVE / *QUIERO QUEJARME DE*:** I appeal to level 3 I was denied my not only access to a law library but access to my legal property for 6 months. Why did you deny me access to my legal property since 12-19-2019-Present date? I still do not have access to my legal property! I missed multiple court deadlines in several cases..

**SUGGESTED REMEDY / *REMEDIO SUGERIDO*:**

| E. Burt | 06/19/2020 | Roberts Joseph | 06/19/2020 |
|---|---|---|---|
| Grievance Coordinator Signature<br>*Firma del Coordinador de quejas* | Date<br>*Fecha* | Grievant Signature<br>*Firma del agraviado* | Date<br>*Fecha* |

**PART B - LEVEL III RESPONSE/*PARTE B - RESPUESTA 3ER NIVEL***

I reviewed your initial grievance as well as all appeals and responses.

DOC Investigator S. Anderson also reviewed this grievance and provided this response:

I have reviewed your grievances and the level 1 and 2 responses. I also interviewed Law Librarian Lisa Morrow and reviewed records approving priority legal access in May and April of 2020.

Ms. Morrow showed me approved scan requests from 4/9/20 onward and priority legal access approvals from April and May. During her interview she told me she had several cell front discussions with you during the time period helping facilitate your access to legal materials.

I did not find any evidence to support your claim that DOC denied you legal access.

| | |
|---|---|
| Assistant Secretary/Deputy Director/designee<br>*Subsecretario/designado* | Date<br>*Fecha* |

Department of
**Corrections**
WASHINGTON STATE

SS of 70

LOG I.D. NUMBER

20694573

**OFFENDER COMPLAINT**

**CHECK ONE:** ☐ Initial  ☒ Emergency  ☐ Appeal  ☐ Rewrite

**RESIDENTIAL FACILITIES:** Send completed form to the Grievance Coordinator. Explain what happened, when, where, and who was involved or which policy/procedure is being grieved. Be as brief as possible, but include the necessary facts. Use only one complaint form. A formal grievance begins on the date the typed grievance forms are signed by the Coordinator. Contact a Department employee to report an emergency situation or to initiate an emergency complaint. Please attempt to resolve all complaints through the appropriate Department employee(s) before pursuing a grievance.

**NOTE:** Complaints must be filed within 20 working days of the incident. Appeals must be filed within 5 working days of receiving the response. Include log ID # on rewrite or response being appealed. 394089

| Last Name | First | Middle | DOC Number | Facility/Office | Unit/Cell |
|-----------|-------|--------|------------|-----------------|-----------|
| Roberts | Joseph | | 394098 | WSP HSB | E-05 |

**COMMUNITY SUPERVISION:** Send completed copies of this form directly to: Grievance Program Manager, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

| MAILING ADDRESS: STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE |
|---|---|---|---|
| | | | |

**COMPLAINT:** States mental health documents that I refuse treatment when he is the one who refuses to see me.

**SUGGESTED REMEDY:** See me at cell front

Mandatory   I'm cannot sign written by 96 Lucas Elander TY07   1143   1/22/20
Signature                                                    Date

---

| **GRIEVANCE COORDINATOR'S RESPONSE** | Facility/Office | Date Received |
|---|---|---|
| Your complaint is being returned because: | | |

☐ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout (sheet) on _____
☒ Administratively Withdrawn   Over-cap (5)
☐ The formal grievance/appeal paperwork is being prepared.
☐ Not accepted

☐ The complaint was resolved informally.
☐ Additional information and/or rewriting needed. (See below.)
   Return within 5 working days or by: _____
☐ No rewrite received _____.
☐ Sent to _____ (facility) on _____ (date).

**EXPLANATION:**  Received 12-02, Processed 12-05

Please let us know which grievances you want to be active and which ones you would like to be withdrawn. See attached.

This does not meet the criteria of an emergency grievance as defined on page 7 of the offender grievance program manual and will be processed as a routine grievance. Please review page 7 and note the possible disciplinary action for declaring false emergencies.

| Coordinator's Name (print) **JAMES ROGERS** | Coordinator's Signature | Date 1/22/18 |
|---|---|---|

Department of
**Corrections**
WASHINGTON STATE

56 of 70

LOG I.D. NUMBER

2019 94571

**OFFENDER COMPLAINT**

**CHECK ONE:** ☐ Initial  ☒ Emergency  ☐ Appeal  ☐ Rewrite

**RESIDENTIAL FACILITIES:** Send completed form to the Grievance Coordinator. Explain <u>what happened, when, where,</u> and <u>who</u> was involved or which policy/procedure is being grieved. Be as brief as possible, but include the necessary facts. Use only one complaint form. A formal grievance begins on the date the typed grievance forms are signed by the Coordinator. Contact a Department employee to report an emergency situation or to initiate an emergency complaint. Please attempt to resolve all complaints through the appropriate Department employee(s) before pursuing a grievance.

**NOTE:** Complaints must be filed within <u>20 working days</u> of the incident. Appeals must be filed within <u>5 working days</u> of receiving the response. Include log ID # on rewrite or response being appealed. 314089

| Last Name | First | Middle | DOC Number | Facility/Office | Unit/Cell |
|---|---|---|---|---|---|
| Roberts | Joseph | | 394098 | WSP HSB | E-05 |

**COMMUNITY SUPERVISION:** Send completed copies of this form directly to: Grievance Program Manager, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

| MAILING ADDRESS: STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE |
|---|---|---|---|
| | | | |

**COMPLAINT:** Since January 5th 2020 until January 22nd 2020 mental health counselor Slater has refused to speak with me I told Slater I would waive my right + confidentiality so he could speak with me at my cell front instead of going to the interview room or the adams chair.

**SUGGESTED REMEDY:** See me at Cell front

I'm cannot sign written by
Mandatory  CO Lucas Elander TKO7   1140   1/22/20
Signature                                    Date

| **GRIEVANCE COORDINATOR'S RESPONSE** Your complaint is being returned because: | Facility/Office WSP | Date Received 1/22/2020 |
|---|---|---|
| ☐ It is not a grievable issue. | ☐ The complaint was resolved informally. | |
| ☐ You requested to withdraw the complaint. | ☐ Additional information and/or rewriting needed. (See below.) | |
| ☐ You failed to respond to callout (sheet) on _____ | Return within 5 working days or by: _____ | |
| ☒ Administratively Withdrawn over-cap (5) | ☐ No rewrite received _____. | |
| ☐ The formal grievance/appeal paperwork is being prepared. | ☐ Sent to _____ (facility) on _____ (date). | |
| ☐ Not accepted | | |

**EXPLANATION:** Please choose the (5) grievances you would like to remain or become active.

See attached.

This does not meet the criteria of an emergency grievance as defined on page 7 of the offender grievance program manual and will be processed as a routine grievance. Please review page 7 and note the possible disciplinary action for declaring false emergencies.

Received 10:02, Processed 12:05

| Coordinator's Name (print) | Coordinator's Signature | Date |
|---|---|---|
| JAMES ROGERS | | 1/22/20 |

DOC 05-165 Front (Rev. 07/26/16)                     DOC 310.100, DOC 550.100



**Department of**
# Corrections
WASHINGTON STATE

57 of 70

*fidential*
*m Copy*

LOG I.D. NUMBER

**OFFENDER COMPLAINT**

CHECK ONE: ☒ Initial   ☐ Emergency   ☐ Appeal   ☐ Rewrite

**RESIDENTIAL FACILITIES:** Send completed form to the Grievance Coordinator. Explain what happened, when, where, and who was involved or which policy/procedure is being grieved. Be as brief as possible, but include the necessary facts. Use only one complaint form. A formal grievance begins on the date the typed grievance forms are signed by the Coordinator. Contact a Department employee to report an emergency situation or to initiate an emergency complaint. Please attempt to resolve all complaints through the appropriate Department employee(s) before pursuing a grievance.

**NOTE:** Complaints must be filed within 20 working days of the incident. Appeals must be filed within 5 working days of receiving the response. Include log ID # on rewrite or response being appealed.

| Last Name | First | Middle | DOC Number | Facility/Office | Unit/Cell |
|-----------|-------|--------|------------|-----------------|-----------|
| Roberts | Joe | J.W. | 394089 | WCC | IMU-F107 |

**COMMUNITY SUPERVISION:** Send completed copies of this form directly to: Grievance Program Manager, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

| MAILING ADDRESS: STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE |
|---|---|---|---|
| | | | |

**COMPLAINT:** My FMRT has not been conducted in over eleven months and I can still not they wont CUS Kulijoka wont conduct my FMRT nor will my counselor at WCC-IMU Mr. Saunders. This violates Due Process

**SUGGESTED REMEDY:** Release me from Ad-seg, conduct my FMRT and process my grievance to the next level.

Mandatory ___[Signature]___   1-29-2019
                Signature              Date

---

**GRIEVANCE COORDINATOR'S RESPONSE**
Your complaint is being returned because:
☐ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout (sheet) on _____.
☐ Administratively Withdrawn _____.
☐ The formal grievance/appeal paperwork is being prepared.
☐ Not accepted

| Facility/Office | Date Received |
|---|---|
| WCC IMU | 2/1/19 |

☐ The complaint was resolved informally.
☐ Additional information and/or rewriting needed. (See below.)
    Return within 5 working days or by: _____.
☐ No rewrite received _____.
☒ Sent to MCC _____ (facility) on 2/4/19 (date).
                    IMU

**EXPLANATION:**

| Coordinator's Name (print) | Coordinator's Signature | Date |
|---|---|---|
| | | |

DOC 05-165 Front (Rev. 07/26/16)

DOC 310.100, DOC 550.100

**Department of**
# Corrections
**WASHINGTON STATE**

58 of 70

Confidential Copy

**LOG I.D. NUMBER**
19673502

**OFFENDER COMPLAINT**

**CHECK ONE:**  ☒ Initial   ☐ Emergency   ☐ Appeal   ☐ Rewrite

**RESIDENTIAL FACILITIES:** Send completed form to the Grievance Coordinator. Explain <u>what happened, when, where,</u> and <u>who</u> was involved or which policy/procedure is being grieved. Be as brief as possible, but include the necessary facts. Use only one ~~complaint~~ form. A formal grievance begins on the date the typed grievance forms are signed by the Coordinator. Contact a Department employee to report an emergency situation or to initiate an emergency complaint. Please attempt to resolve all complaints through the appropriate Department employee(s) before pursuing a grievance.

**NOTE:**    Complaints must be filed within <u>20 working days</u> of the incident. Appeals must be filed within <u>5 working days</u> of receiving the response. Include log ID # on rewrite or response being appealed.

| Last Name | First | Middle | DOC Number | Facility/Office | Unit/Cell |
|-----------|-------|--------|------------|-----------------|-----------|
| Roberts | Joe | JW | 394089 | WCC | IMU A110 |

**COMMUNITY SUPERVISION:** Send completed copies of this form directly to: Grievance Program Manager, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

| MAILING ADDRESS: STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE |
|---|---|---|---|
| | | | |

**COMPLAINT:** I have been in the IMU for nearly two years and my FMRT has not been conducted. As a result ~~they will~~ my FMRT wont be conducted and I cant get out of the IMU

**SUGGESTED REMEDY:** Process to next ~~~~ level and release me from the IMU also conduct my FMRT

Mandatory _____   2-18-2019
                     Signature                              Date

| GRIEVANCE COORDINATOR'S RESPONSE | Facility/Office | Date Received |
|---|---|---|
| Your complaint is being returned because: | WCC IMU | 2/22/19 |

Your complaint is being returned because:
☐ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout (sheet) on _____
☐ Administratively Withdrawn _____
☐ The formal grievance/appeal paperwork is being prepared.
☐ Not accepted

☐ The complaint was resolved informally.
☒ Additional information and/or rewriting needed. (See below.)
   Return within 5 working days or by: 3/4/19
☐ No rewrite received _____
☐ Sent to _____ (facility) on _____ (date).

**EXPLANATION:** _____

Rewrite what has (or hasn't) happened recently? You can't grieve 2 years back.

| Coordinator's Name (print) | Coordinator's Signature | Date |
|---|---|---|
| KERRI McTARSNEY | Kerri McTarsney | |

DOC 05-165 Front (Rev. 07/26/16)                    DOC 310.100, DOC 550.100

**Department of**
# Corrections
WASHINGTON STATE

*59 of 70*

*Per Cus*
*French*

| | LOG I.D. NUMBER |
|---|---|

**OFFENDER COMPLAINT**

**CHECK ONE:**  ☑ Initial   ☒ Emergency   ☐ Appeal   ☐ Rewrite

**RESIDENTIAL FACILITIES:** Send completed form to the Grievance Coordinator.  Explain <u>what happened</u>, <u>when</u>, <u>where</u>, and <u>who</u> was involved or which policy/procedure is being grieved.  Be as brief as possible, but include the necessary facts.  Use only one complaint form.  A formal grievance begins on the date the typed grievance forms are signed by the Coordinator.  Contact a Department employee to report an emergency situation or to initiate an emergency complaint.  Please attempt to resolve all complaints through the appropriate Department employee(s) before pursuing a grievance.

**NOTE:**   <u>Complaints</u> must be filed within <u>20 working days</u> of the incident.  <u>Appeals</u> must be filed within <u>5 working days</u> of receiving the response.  Include log ID # on rewrite or response being appealed.

| Last Name | First | Middle | DOC Number | Facility/Office | Unit/Cell |
|---|---|---|---|---|---|
| Roberts | Joe | | 394089 | WCC | IMU-A110 |

**COMMUNITY SUPERVISION:** Send completed copies of this form directly to: Grievance Program Manager, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

| MAILING ADDRESS:   STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE |
|---|---|---|---|
| | | | |

**COMPLAINT:** My FMRT has not been conducted for nearly two years.  I have asked Cus French, Ad-seg Ofc. Scott from WCC-IMU.  I have asked Cus Kullyoka, Counselor Scuunder's from MCC-IMU.  I have asked that these staff conduct my FMRT so I can be promoted to new Custody level and removed from IMS, and the IMU.

**SUGGESTED REMEDY:** Conduct my FMRT. Remove me from the IMU. Promote my level. Process to next level.

Mandatory _____   2-19-2019
                    Signature                                    Date

| **GRIEVANCE COORDINATOR'S RESPONSE** | Facility/Office | Date Received |
|---|---|---|
| Your complaint is being returned because: | | |

Your complaint is being returned because:
☐ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout (sheet) on _____.
☐ Administratively Withdrawn _____.
☐ The formal grievance/appeal paperwork is being prepared.
☐ Not accepted

☐ The complaint was resolved informally.
☐ Additional information and/or rewriting needed.  (See below.)
    Return within 5 working days or by: _____.
☐ No rewrite received _____.
☐ Sent to _____ (facility) on _____ (date).

**EXPLANATION:**   Recieved @ 1410 Response Per Cus French, I.D.:

Non emergent. File through Initial grievance Process. ____ 2/19/19  1417 Hours

| Coordinator's Name (print) | Coordinator's Signature | Date |
|---|---|---|
| | | |



Department of **Corrections**
WASHINGTON STATE

60 of 70

 LOG I.D. NUMBER

20700983

**OFFENDER COMPLAINT**

CHECK ONE: ☐ Residential  ☒ Emergency  ☐ Appeal  ☐ Rewrite

RESIDENTIAL FACILITIES: Send completed form to the Grievance Coordinator. Explain what happened, when, where, and who was involved or which policy/procedure is being grieved. Be as brief as possible, but include the necessary facts. Use only one complaint form. A formal grievance begins on the date the typed grievance forms are signed by the Coordinator. Contact a Department employee to report an emergency situation or to initiate an emergency complaint. Please attempt to resolve all complaints through the appropriate Department employee(s) before pursuing a grievance.

NOTE: Complaints must be filed within 20 working days of the incident. Appeals must be filed within 5 working days of receiving the response. Include log ID # on rewrite or response being appealed.

| Last Name | First | Middle | DOC Number | Facility/Office | Unit/Cell |
|---|---|---|---|---|---|
| Roberts | J | | 394089 | WSP | HSB-E14 |

COMMUNITY SUPERVISION: Send completed copies of this form directly to: Grievance Program Manager, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

| MAILING ADDRESS: STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE |
|---|---|---|---|
| | | | |

COMPLAINT:   EMPLOYEE MISCONDUCT:

On 4/4/20, C/Os Paul McDole, Cody Havens, James Neuschwander, Kevin Dahlby, Jill Arserga, Ronald Benjamin used unnecessary and reckless force that was excessive by elbowing me in my private areas (penis-balls) throat, stomach, choking me, putting there knees on my chin. At one point James Neuschwander began using sadistic force by punching and kneeing me multiple times to my body. This caused me great suffering and pain. I had bruises on my neck, legs, chest, stomach and back. These C/Os beat me. They did this when my arms and hands were cuffed behind my back and my feet were shackled. I was in full body restraints so the risk of threat that I posed was very minimal. At one point the C/Os put me in choke hold and cut off my air supply. The C/Os did not report all of the force they used neither. The C/Os went as far to retaliate and falsify the use of force they used. The Witnesses who heard and seen the incidents were offenders: Joshua Whitmore DOC# 372294, Jeffrey Palmer 898164 and Zack Douglas DOC# unknown. I fear for my life.

SUGGESTED REMEDY:

Pull the videos from the disciplinary hearing that Lt Ogan requested on 4/16/2020, Pull the audio recording from the disciplinary hearing, review the incident and use of force reports and review the witness statements. I want keep seperates from the C/Os.

☐ Mandatory   Signature _____   Date 4/17/2020 11:55 AM

| GRIEVANCE COORDINATOR'S RESPONSE | Facility/Office | Date Received |
|---|---|---|
| Your complaint is being returned because: | WSP | 4-20-20 |

Your complaint is being returned because:
☐ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout (sheet) on _____
☐ Administratively Withdrawn
☒ The formal grievance/appeal paperwork is being prepared.
☐ Not accepted

☐ The complaint was resolved informally.
☐ Additional information and/or rewriting needed. (See below.)
   Return within 5 working days or by: _____
☐ No rewrite received _____
☐ Sent to _____ (facility) on _____ (date).

EXPLANATION:   SC.

—— Your grievance has been reviewed. You allege staff misconduct
—— occurred on 4/04/20 during a Use of Force in HSB. Your grievance will
—— be forwarded to the Grievance coordinator for further review

24 of 48

| Coordinator's Name (print) | Coordinator's Signature | Date |
|---|---|---|
| Eric Burt | | 4-17-20 |

DOC 05-165 Front (Rev. 07/28/16)     DOC 310.100, DOC 550.100

A08 CONFIDENTIAL

SCCC - IMU - F/FA

61 of 70

**LOG I.D. NUMBER/NUM. DE REGISTRO**
20700983

**Department of Corrections**
WASHINGTON STATE

Grievant Copy

**EMPLOYEE CONDUCT GRIEVANCE**
*QUEJA ACERCA DE LA CONDUCTA DEL PERSONAL*

| Name: Nombre: | Last Apellido | First Nombre | Middle 2do Nombre | DOC Number Número DOC | Facility/Office Institución/Oficina | Unit/Cell Unidad/Celda |
|---|---|---|---|---|---|---|
| | Roberts | Joseph | J. | 394089 | WSP | mhu me141l |

| PART A - EMPLOYEE CONDUCT GRIEVANCE<br>*PARTE A - QUEJA ACERCA DE LA CONDUCTA DEL PERSONAL* | Date Typed / Fecha escrita a mano<br>04/23/2020 | Date Due / Fecha de vencimiento<br>06/05/2020 |
|---|---|---|

**I WANT TO GRIEVE:** On 4/4/20, C/o's Paul McDole, Cody Heavens, James Neuschwander, Kevin Davily, Jill Arsorge Ronald Benjamin used unnecessary and reckless force that was excessive by elbowing me in the private areas (penis-balls) throat, stomach, choking me, putting their knees on my chin. At one point James Neuschwander began using sadistic force by punching and kneeing me multiple times to my body. This caused me great suffering and pain. I had bruises on my neck, legs, chest, stomach and feet. These C/o's beat me. They did this when my arms and hands were cuffed behind my back and my feet were shackled. I was in full body restraints so the risk of threat that I posed was very minimal. At one point the c/o's put me in choke hold and cut off my air supply. The above C/o's went as far to retaliate and falsify the use of force they used. The Co's did not report all of the forced they used neither. Witnesses who heard and seen the incidents were offenders: Joshua Macklemore doc #312294, Jeffery palmer 898164 and Zach Douglas Doc #unknown. I fear for my life. **SUGGESTED REMEDY:** Pull the videos from the disciplinary hearing that D. Oyen reviewed on 4/16/20, pull the audio recording from the disciplinary hearing, review the incident and use of force reports and review the witness statements. I want separates from the Co's

| E. Burt | 04/22/2020 | Roberts Joseph | 04/22/2020 |
|---|---|---|---|
| Grievance Coordinator Signature<br>*Firma del Coordinador de quejas* | Date<br>*Fecha* | Grievant Signature<br>*Firma del agraviado* | Date<br>*Fecha* |

| PART B - LEVEL II RESPONSE / *PARTE B - RESPUESTA NIVEL II* |
|---|

CPM L. Clark has investigated your grievance and this is a summary of the investigation/response. You were interviewed on 04/28/2020. I have reviewed your level one grievance as well as your level two appeal. CPM Clark reports: Correctional Program Manager Lynn Clark interviewed I/I Roberts 394089 in the WSP HSB Echo tier interview room and explained the Administrative Review process for all Use of Force incidents. The Use of Force is reviewed by a Lt./Unit Manager, Captain/CPM, Associate Superintendent and Superintendent. The review process was completed and in accordance with policy and the Use of Force incident is under a formal investigation. Through this review process the Superintendent will determine if the Use of Force was or was not appropriate.

I concur with this response.

25 of 148

| Donald Holbrook | | 5/27/2020 |
|---|---|---|
| Superintendent, Community Corrections Supervisor, Field Administrator Signature<br>*Firma del Superintendente, Supervisor de Reclusorio Nocturno, Administrador de Correcciones Comunitarias* | | Date<br>*Fecha* |

You may appeal this response by submitting a written appeal to the coordinator within five (5) working days from date this response was received.
*Ud. puede apelar esta respuesta al enviar una apelación escrita al Coordinador dentro de cinco (5) días hábiles de la fecha de recibir esta contestación.*



CONFIDENTIAL

62 of 70

Grievant Copy

| LOG I.D. NUMBER/NUM. DE REGISTRO |
| --- |
| 20700983 |



Department of
**Corrections**
WASHINGTON STATE

**APPEAL TO LEVEL III**
*APELACIÓN AL 3ER NIVEL*

| Name: Nombre: | Last Apellido Roberts | First Nombre Joseph | Middle 2do Nombre J. | DOC Number Número DOC 394089 | Facility/Office Institución/Oficina WSP | Unit/Cell Unidad/Celda Sccc |
| --- | --- | --- | --- | --- | --- | --- |

| PART A - APPEAL TO LEVEL III PARTE A - APELACIÓN 3ER NIVEL | Date Typed / Fecha escrita a mano 06/16/2020 | Due Date / Fecha de vencimiento 07/09/2020 |
| --- | --- | --- |

**I WANT TO GRIEVE / QUIERO QUEJARME DE:** Same Issue, I Appeal to level 3 do your job investigate why I was beaten. Why the officers never reported all the force that was used and preserve the footage. The superintendent never made a determination weather excessive force was used? I'm confused. What are you unprofessional, lazy people doing? You know what they did! They beat me! Also Dakota Hayes was involved too. I received my level 2 response from WSP on 6/1/20, I appealed on 6/1/20 Note* and I'm talking to a lawyer you aint getting away with nothing! I hope it was worth it! Dakota Hayes beat me choked me and did not report the force neither!

**SUGGESTED REMEDY / REMEDIO SUGERIDO:**

| E. Burt | 06/17/2020 | Roberts Joseph | 06/17/2020 |
| --- | --- | --- | --- |
| Grievance Coordinator Signature Firma del Coordinador de quejas | Date Fecha | Grievant Signature Firma del agraviado | Date Fecha |

**PART B - LEVEL III RESPONSE/PARTE B - RESPUESTA 3ER NIVEL**

I reviewed your initial grievance as well as all appeals and responses.

DOC Administrator, Tim Thrasher, also reviewed this grievance and provided this response:

I reviewed your grievance, the investigation, and the response provided.  I have read your Level III appeal.  A complete investigation was conducted concerning your complaint. The Use of Force investigation which was conducted determined this incident is going to be reviewed further by Washington State Penitentiary (WSP) Administration. Your grievance was found to have merit and additional administrative action is being taken out side of the Grievance Department. Thank you for bringing this issue to the departments attention.

| | 8/19/2020 |
| --- | --- |
| Assistant Secretary/Deputy Director/designee Subsecretario/designado | Date Fecha |

Distribution:  Grievance Program Manager/*Gerente del Programa de Quejas*, Grievance Coordinator/*Coordinador de Queja*, Grievant/*Quejante*
DOC 05-169 E/S (Rev. 04/01/14)                                                                                    DOC 550.100

26 of 48

3



Department of
Corrections
WASHINGTON STATE

63 of 70

LOG I.D. NUMBER
~~020932080~~ 20693788

OFFENDER COMPLAINT

CHECK ONE: ☒ Initial   ☐ Emergency   ☒ ~~Appeal~~   ☐ Rewrite

**RESIDENTIAL FACILITIES:** Send completed form to the Grievance Coordinator. Explain what happened, when, where, and who was involved or which policy/procedure is being grieved. Be as brief as possible, but include the necessary facts. Use only one complaint form. A formal grievance begins on the date the typed grievance forms are signed by the Coordinator. Contact a Department employee to report an emergency situation or to initiate an emergency complaint. Please attempt to resolve all complaints through the appropriate Department employee(s) before pursuing a grievance.

**NOTE:** Complaints must be filed within 20 working days of the incident. Appeals must be filed within 5 working days of receiving the response. Include log ID # on rewrite or response being appealed.

MHU-E5

| Last Name | First | Middle | DOC Number | Facility/Office | Unit/Cell |
|---|---|---|---|---|---|
| Roberts | Joe | | 394089 | WSP | IMU5-H8 |

**COMMUNITY SUPERVISION:** Send completed copies of this form directly to: Grievance Program Manager, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

| MAILING ADDRESS: STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE |
|---|---|---|---|

COMPLAINT: 12/20/19, I have told the mental health Robtoy, Slater, Ziesler and other mental health staff, that I have been experiencing hallucinations, PTSD, depression, anxiety and they told me I dont have shit coming, and we will falsify your mental health records to keep you out of the RTU and SOU.

~~For these reasons I appeal.~~

SUGGESTED REMEDY:

Mandatory _____ 1/14/20 sent at
Signature            Date 10:03 PM

| GRIEVANCE COORDINATOR'S RESPONSE | Facility/Office WSP | Date Received 1-15-20 |
|---|---|---|
| Your complaint is being returned because: ☐ It is not a grievable issue. ☐ You requested to withdraw the complaint. ☐ You failed to respond to callout (sheet) on _____. ☐ Administratively Withdrawn _____. ☐ The formal grievance/appeal paperwork is being prepared. ☒ Not accepted | ☐ The complaint was resolved informally. ☐ Additional information and/or rewriting needed. (See below.) Return within 5 working days or by: _____. ☐ No rewrite received _____. ☐ Sent to _____ (facility) on _____ (date). | |

EXPLANATION: Assigned to log FD 20693788. It is a similar grievance, pending level I investigation.

| Coordinator's Name (print) James Rogers | Coordinator's Signature | Date 1/15/20 |

LOG I.D. NUMBER/*NUM. DE REGISTRO*
**20693788**



Department of
**Corrections**
WASHINGTON STATE

64 of 70

**EMPLOYEE CONDUCT GRIEVANCE**
*QUEJA ACERCA DE LA CONDUCTA DEL PERSONAL*

| Name: *Nombre:* | Last *Apellido* | First *Nombre* | Middle *2do Nombre* | DOC Number *Número DOC* | Facility/Office *Institución/Oficina* | Unit/Cell *Unidad/Celda* |
|---|---|---|---|---|---|---|
| | Roberts | Joseph | J | 394089 | WSP | MHU-ME131 |

| PART A - EMPLOYEE CONDUCT GRIEVANCE *PARTE A - QUEJA ACERCA DE LA CONDUCTA DEL PERSONAL* | Date Typed / *Fecha escrita a mano* 2/19/20 | Date Due / *Fecha de vencimiento* 2/20/20 |
|---|---|---|

**I WANT TO GRIEVE: / *QUIERO QUEJARME DE:*** I appeal for the following reasons: 1) This issue is different from other grievance. 2) Stop complicating grievance #20693274 this grievance is talking about long term IMU having effect on me. 3) I Filed grievance on 12/30/2019 that complains about mental health falsifying mental health records. 4) As explained above in 1, 2, and 3 those grievance aren't the same.

**SUGGESTED REMEDY/ *REMEDIO SUGERIDO*:**

| James Rogers | 1/22/20 | Joseph Roberts | 1/22/20 |
|---|---|---|---|
| Grievance Coordinator Signature *Firma del Coordinador de quejas* | Date *Fecha* | Grievant Signature *Firma del agraviado* | Date *Fecha* |

| PART B - LEVEL II RESPONSE / *PARTE B - RESPUESTA NIVEL II* |
|---|

HSM3 D. Chlipala has investiated your grievance and this is a summary of his response:
I have reviewed the Employee Conduct Grievance, log ID 20693788, offender complaints dated 12/30/19 and 1/14/2020, and your medical record.

You, as well as Psychologist 4 Zeisler, Psychologist 4 Robtoy, Psychology Associate Knittel and Pscyhology Associate Slater were interviewed regarding this grievance.

You grieve staff saying that "you have nothing coming to you" and that "your mental health records will be falsified to keep you out of the RTU and SOU".
I discovered that there have been concerns with you going to our RTU or the SOU because of some of your behaviors, statements and non-compliance with treatment.  However, a meeting is scheduled to discuss management of your care and possible future placement in RTU or SOU. I understand the belief that your mental health records are being falsified is derived from the low dose of medication you are getting. You have told some mental health providers the low dose of a particular medication is to treat bi-polar disorder. When in fact, there is no evidence you have ever been diagnosed as having bi-polar disorder.The medication was prescribed for another diagnosis. I can find no evidence to substantiate your allegations.
I strongly encourage you to work collaboratively with your mental health providers.

I concur with this response.

Donald Holbrook                              2/21/2020

36 of 48

Superintendent, Community Corrections Supervisor, Field Administrator Signature
*Firma del Superintendente, Supervisor de Reclusorio Nocturno, Administrador de Correcciones Comunitarias*

Date *Fecha*

You may appeal this response by submitting a written appeal to the coordinator within five (5) working days from date this response was received.
*Ud. puede apelar esta respuesta al enviar una apelación escrita al Coordinador dentro de cinco (5) días hábiles de la fecha de recibir esta contestación.*



65 of 70

LOG I.D. NUMBER/*NUM. DE REGISTRO*
20693788

**Department of**
**Corrections**
WASHINGTON STATE

**APPEAL TO LEVEL III**
*APELACIÓN AL 3ER NIVEL*

| Name:<br>*Nombre:* | Last<br>*Apellido*<br>Roberts | First<br>*Nombre*<br>Joseph | Middle<br>*2do Nombre*<br>J. | DOC Number<br>*Número DOC*<br>394089 | | Facility/Office<br>*Institución/Oficina*<br>WSP | Unit/Cell<br>*Unidad/Celda*<br>ME131L |
|---|---|---|---|---|---|---|---|
| PART A - APPEAL TO LEVEL III<br>*PARTE A - APELACIÓN 3ER NIVEL* | | Date Typed / *Fecha escrita a mano*<br>03/03/2020 | | | Due Date / *Fecha de vencimiento*<br>04/01/2020 | | |

I WANT TO GRIEVE / *QUIERO QUEJARME DE*: I appeal issues are still the same I appeal to level 3.

SUGGESTED REMEDY / *REMEDIO SUGERIDO*:

| J. Rogers | 03/04/2020 | Roberts Joseph | 03/04/2020 |
|---|---|---|---|
| Grievance Coordinator Signature<br>*Firma del Coordinador de quejas* | Date<br>*Fecha* | Grievant Signature<br>*Firma del agraviado* | Date<br>*Fecha* |

---

PART B - LEVEL III RESPONSE/*PARTE B - RESPUESTA 3ER NIVEL*

I reviewed your initial grievance as well as all appeals and responses.

S. Evans, Administrator, Health Services, Command A, reviewed this grievance and provided this response:

I reviewed the medical record, all electronic records (OMNI), and reviewed the employee conduct responses and supporting information.

The information provided in the employee conduct grievance conducted by HSM2 Chlipala was fair and accurate. The interview summary of the clinical team specifically, Dr. Robtoy, clearly demonstrates you were assessed for placement in to the RTU program. In her response both as part of the employee misconduct investigation and clinical report, you did not meet the criteria for RTU placement. The mental health team are very thorough in screening placement. I report you were offered enhanced outpatient services to support your ongoing needs and you declined these services. Additionally, no supporting evidence that any mental health professional stated you did not deserve anything. Lastly, there is no evidence to support your assertions that mental health staff falsified medical records.

With these findings, I conclude there is no evidence of employee misconduct. You have been offered significant services to meet your mental health needs to include enhanced mental health services with weekly therapy sessions while placed in the IMU. No other access to care issues are present and he recommends you continue to work with your local care team and follow all recommendations to support your overall health.

Assistant Secretary/Deputy Director/designee
*Subsecretario/designado*

Date
*Fecha*
3/10/20

Distribution: Grievance Program Manager/*Gerente del Programa de Quejas*, Grievance Coordinator/*Coordinador de Queja*, Grievant/*Quejante*
DOC 05-169 E/S (Rev. 04/01/14)

37 of 48

DOC 550.100

CONFIDENTIAL

SCCC

66 of 70

Grievant Copy

| | LOG I.D. NUMBER/NUM. DE REGISTRO |
|---|---|
| | 20697796 |


Department of
Corrections

**EMPLOYEE CONDUCT GRIEVANCE**
*QUEJA ACERCA DE LA CONDUCTA DEL PERSONAL*

| Name:<br>*Nombre:* | Last<br>*Apellido*<br>Roberts | First<br>*Nombre*<br>Joseph | Middle<br>*2do Nombre*<br>J. | DOC Number<br>*Numero DOC*<br>394089 | Facility/Office<br>*Institucion/Oficina*<br>WSP | Unit/Cell<br>*Unidad/Celda*<br>mhu me141l |
|---|---|---|---|---|---|---|
| **PART A - EMPLOYEE CONDUCT GRIEVANCE**<br>*PARTE A - QUEJA ACERCA DE LA CONDUCTA DEL PERSONAL* | | | | Date Typed / *Fecha escrita a mano*<br>03/31/2020 | | Date Due / *Fecha de vencimiento*<br>05/13/2020 |

**I WANT TO GRIEVE:** I don't know the names of all the floor staff but I told them & the SGT Adam Kolowinski: & Jason Kinnetel + Kathy Jackson that I was going to swallow all the paper + all the plastic + they did not one time remove the stuff out of my cell. That was about 30-40 mins ago or an hour ago. They turned off the emergency button+ are deliberately ignoring me.

**SUGGESTED REMEDY:**

| J. Rogers | 04/01/2020 | Roberts Joseph | 04/01/2020 |
|---|---|---|---|
| Grievance Coordinator Signature<br>*Firma del Coordinador de quejas* | Date<br>*Fecha* | Grievant Signature<br>*Firma del agraviado* | Date<br>*Fecha* |

**PART B - LEVEL II RESPONSE / *PARTE B - RESPUESTA NIVEL II***

HSM3 Darren Chlipala has reviewed your employee conduct grievance dated 3/31/20 which claimed that Sgt. Kolowinski, Kathe Jackson and Jason Knittel were told that you were going to swallow all the paper and plastic in your cell and they didn't remove the stuff out of your cell. You claim that they also turned your emergency button off and deliberately ignored you.

I interviewed each of them individually and I also met with you to go over this grievance. I have been unable to find evidence to support your claim that staff deliberately ignored you and allowed you to self harm by swallowing foreign objects.

I encourage you to continue working with your mental health primary therapist to receive the best care for all your mental health needs.

I concur with this response.

Kathy Reninger, HSA                                    6/23/20
Superintendent, Community Corrections Supervisor, Field Administrator Signature          Date
*Firma del Superintendente, Supervisor de Reclusorio Nocturno, Administrador de*          *Fecha*
*Correcciones Comunitarias*

You may appeal this response by submitting a written appeal to the coordinator within five (5) working days from date this response was received.
*Ud. puede apelar esta respuesta al enviar una apelación escrita al Coordinador dentro de cinco (5) días hábiles de la fecha de recibir esta contestación.*

LOG I.D. NUMBER/*NUM. DE REGISTRO*
20697796



Department of
**Corrections**
WASHINGTON STATE

**APPEAL TO LEVEL III**
*APELACIÓN AL 3ER NIVEL*

| Name:<br>*Nombre:* | Last<br>*Apellido*<br>Roberts | First<br>*Nombre*<br>Joseph | Middle<br>*2do Nombre*<br>J | DOC Number<br>*Número DOC*<br>394089 | Facility/Office<br>*Institución/Oficina*<br>WSP | Unit/Cell<br>*Unidad/Celda*<br>SCCC |
|---|---|---|---|---|---|---|

| PART A - APPEAL TO LEVEL III<br>*PARTE A - APELACIÓN 3ER NIVEL* | Date Typed / *Fecha escrita a mano*<br>07/15/2020 | Due Date / *Fecha de vencimiento*<br>08/07/2020 |
|---|---|---|

**I WANT TO GRIEVE / *QUIERO QUEJARME DE:*** I appeal to level 3: 1 I was on paper and plastic restrictions per my coos back in March 2020l 2 I swallowed a whole bunch of foreign objects back in March 2020 and despite this they kept giving me more to swallow. 3. After I swallowed all this stuff I was ignored for several days and they refused to help me. The Dr.Jon Reyes discontinued my pain meds after my surgeries.

**SUGGESTED REMEDY / *REMEDIO SUGERIDO:***

| E. Burt | 07/17/2020 | Roberts Joseph | 07/17/2020 |
|---|---|---|---|
| Grievance Coordinator Signature<br>*Firma del Coordinador de quejas* | Date<br>*Fecha* | Grievant Signature<br>*Firma del agraviado* | Date<br>*Fecha* |

**PART B - LEVEL III RESPONSE/*PARTE B - RESPUESTA 3ER NIVEL***

I reviewed your initial grievance as well as all appeals and responses.

DOC Administrator, Tim Thrasher, also reviewed this grievance and provided this response:

I have reviewed your grievance, the investigation that was conducted and responses you were provided. Additionally WSP staff were contacted and additional clarifying questions were asked by Mission Housing Administrator Thrasher. One of the offender witnesses you identify does not appear to have been housed in the same unit as you on the day in question. Additionally, after speaking with staff that work in the unit the emergency call button cannot be disabled or turned off. After reviewing the collected information there is no information available to substantiate your allegation that staff turned off the emergency call button or were ignoring you. I concur with the previous response you were provided.

Assistant Secretary/Deputy Director/designee                    10/1/2020
*Subsecretario/designado*                                          Date
                                                                    *Fecha*

LOG I.D. NUMBER/*NUM. DE REGISTRO*

**19690536**



Department of
**Corrections**
WASHINGTON STATE

68 of 70

**LEVEL I - INITIAL GRIEVANCE**
*NIVEL 1 - QUEJA INICIAL*

| Name:<br>*NOMBRE:* | Last<br>*APELLIDO*<br>Roberts | First<br>*PRIMERO NOMBRE*<br>Joseph | Middle<br>*2DO NOMBRE*<br>J | DOC Number<br>*NUMERO DOC*<br>394089 | Facility/Office<br>*FACILIDAD*<br>WSP | Unit/Cell<br>*UNIDAD/CELDA*<br>MSD07 |

| PART A - INITIAL GRIEVANCE/*PARTE A - QUEJA INICIAL* | Date Typed   11/19/19 | Date Due   12/06/19 |

**I WANT TO GRIEVE / *QUIERO QUEJARME DE*:** On 11/15/19, I was denied to make legal copies from off my legal CDs/ materials for preperation of legal pleadings, I have 3 active legal cases in Western District, WASH. # 2:18-cv-746-BAT-MJP, No.1:19-ev-0014-TSV-MLP and in the Franklin- Co. Superior court No.18-1-50328-11 and I need to prepare legal pleadings but I cant because I need to make copies from Legal CDs/materials. I asked Lisa Morrow and Allison Windows and they denied me and cited policy 590-500 and said that policy wont let them. I am being denied access to the court.

**SUGGESTED REMEDY / *REMEDIO SUGERIDO*:** Allow me to make legal copies off my legal CDs/materials so I can send my motions to the courts andprepare legal pleadings.

| D. Oyen | 11/20/19 | Roberts Joseph | 11/20/19 |
| Grievance Coordinator Signature<br>*FIRMA DE COORDINADOR DE QUEJAS* | Date<br>*FECHA* | Grievant Signature<br>*FIRMA DE QUEJANTE* | Date<br>*FECHA* |

| PART B - LEVEL I RESPONSE / *PARTE B RESPUESTA PRIMER NIVEL* |

AA3 Kitzi Brannock  reports: You were interviewed on 11/21/19 as well as LAP1 L. Morrow and APO A. Window in regards to the issue.  We are not denying you the access to his legal materials. We allowed you to view the material that was on the CD's. It took six hours for you to go through them. We let you know that per policy 590.500 that we can't print the materials you requested off the CD. The materials that you want needs to be requested through his attorney and you get a paper copy of them. We only retain and store audio/video recordings received from one of the following entities court proceedings and other recordings that are submitted as evidence for the current conviction, Prosecuting Attorney for recorded court proceedings that were submitted as evidence in an appellate case, Prisons, Community Corrections, or Indeterminate Sentence Rivew Board for department hearings. We are following 509.500 policy for the coping legal materials. You were told that you could ask the courts for an extension or request the information you need copied through your attorney in the paper form.

| CS H. Griffith | 11/22/19 |
| Grievance Coordinator Signature<br>*COORDINADOR DE QUEJAS* | Date<br>*FECHA* |

You may appeal this response by submitting a written appeal to the Coordinator within five (5) working days from date this response was received.
*Ud. puede apelar esta respuesta al someter una apelación por escrito al coordinador dentro de cinco (5) dias de trabajo de la fecha en que esta respuesta fue recibida.*



*WHU - E 9*

69 of 70

**Department of Corrections**
WASHINGTON STATE

| L0G I.D. NUMBER |
|---|
| 19690536 |

**APPEAL TO LEVEL II**
**APELACIÓN AL 2DO NIVEL**

| Name: NOMBRE: | Last APELLIDO | First PRIMERO NOMBRE | Middle 2DO NOMBRE | DOC Number NUMERO DOC | Facility/FACILIDAD Office | Unit/Cell UNIDAD/CELDA |
|---|---|---|---|---|---|---|
| | Roberts | Joseph | J | 394089 | WSP | ~~IMS MSD07~~ |

| PART A – INITIAL GRIEVANCE/PARTE A - QUEJA INICIAL | Date Typed  12/03/19 | Date Due  ~~01/03/2020~~  2-18 |
|---|---|---|

**I WANT TO APPEAL:** I appeal:
(1) You never state in your response to my griecance how/what grievances are the same?
(2) I filed two separate grievances on 11/17/19 (a) involving denial of photo copy of legal media material, (b) and this grievance challenges doc policy 590-500 denial to allow attorny to mail legal media to offenders with active legal causes. to have meaningfull access to the courts
Note* as explained these are clearly two separate issues.

**SUGGESTED REMEDY:**

| J. Rogers | 12/04/19 | Roberts Joeseph | 12/04/19 |
|---|---|---|---|
| Grievance Coordinator Signature FIRMA DE COORDINADOR DE QUEJAS | Date FECHA | Grievant Signature FIRMA DE QUEJANTE | Date FECHA |

| PART B –LEVEL II RESPONSE/PARTE B RESPUESTA 2DO NIVEL |
|---|

Captain S. Jacobson has investigated your grievance and this is a summary of the investigation/response:

I have reviewed your grievance. You as, well as  LAP1 L. Morrow, and AA4 A. Window were interviewed.

Policy 590.500, Section IV states that legal media is only authorized to be received from the Prosecuting Attorney, Prisons, Community Corrections or the ISRB Hearings Department.  The disks you are referring to in this grievance are from your personal attorney, not one of the above listed entities, so those disks have been moved to your property and are not considered legal material for scheduled viewing, or retention by our office. Section V of the same policy states that Photocopying/Scanning will be treated as legal mail per DOC 450.100, which does not allow staff to make copies from legal media referenced in Policy 590.500.

I find that staff acted accordingly and within the perameters of all DOC Policies. You are not allowed to have copies made from legal media.  You may however, request paper copies through your attorney.  You were given the opportunity to view the media as requested.

I concur with this response.

| Donald Holbrook | | 1/9/2020 |
|---|---|---|
| Superintendent, Work Release Supervisor, Field Administration Signature SUPERINTENDENTE | | Date FECHA |

You may appeal this response by submitting a written appeal to the coordinator within cinco (5) working days from date this response was received.
Ud. puede apelar esta respuesta al someter una apelación por escrito al coordinador dentro de cinco (5) días de trabajo de la fecha en que esta respuesta fue recibida.



6 of 22

LOG I.D. NUMBER/*NUM. DE REGISTRO*
19690536


Department of
**Corrections**
WASHINGTON STATE

70 of 70

**APPEAL TO LEVEL III**
*APELACIÓN AL 3ER NIVEL*

| Name:<br>*Nombre:* | Last<br>*Apellido* | First<br>*Nombre* | Middle<br>*2do Nombre* | DOC Number<br>*Número DOC* | Facility/Office<br>*Institución/Oficina* | Unit/Cell<br>*Unidad/Celda* |
|---|---|---|---|---|---|---|
| | Roberts | Joseph | J | 394089 | WSP | ME051L |

| PART A - APPEAL TO LEVEL III<br>*PARTE A - APELACIÓN 3ER NIVEL* | Date Typed / *Fecha escrita a mano*<br>1/21/2020 | Due Date / *Fecha de vencimiento*<br>02/20/2020 |
|---|---|---|

**I WANT TO GRIEVE / *QUIERO QUEJARME DE*:** I appeal: Policy 590.500 allows the court, prosecutor to send a prisoner legal cd's/media/legal cd's through the mail but won't allow the prisoners lawyers too. Also there is nothing in Doc policy 590.500 that prohibits a prisoner from making legal copies from off of their legal media. Policy 590.500 is biased and unreasonable. I still can't access the courts. I appeal to level 3

**SUGGESTED REMEDY / *REMEDIO SUGERIDO*:** Refer to initial grievance.

| J. Rogers | 01/22/2020 | Roberts Joseph | 01/22/2020 |
|---|---|---|---|
| Grievance Coordinator Signature<br>*Firma del Coordinador de quejas* | Date<br>*Fecha* | Grievant Signature<br>*Firma del agraviado* | Date<br>*Fecha* |

**PART B - LEVEL III RESPONSE/*PARTE B - RESPUESTA 3ER NIVEL***

I reviewed your initial grievance as well as all appeals and responses.

DOC Investigator T. Schneider also reviewed this grievance and provided this response:

I have reviewed the information and documents provided for this grievance. The responses given at level one and level two are correct, and I concur.

In hindsight, this incoming CD should have been rejected as unauthorized by Mailroom staff once it was discovered that it was sent by your personal attorney. DOC Policy 450.100 Mail for Individuals in Prison authorizes legal media recordings to be received by: 1) A court for proceedings and other recordings that are submitted as evidence for the current conviction; 2) The Prosecuting Attorney for recorded court proceedings that were submitted as evidence in an appellate case; and 2) Prisons, Community Corrections, or the Indeterminate Sentence Review Board for Department hearings.

Assistant Secretary/Deputy Director/designee
*Subsecretario/designado*

3/ ......2020
Date
*Fecha*