UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOE JW ROBERTS, JR,

Plaintiff,

v.

TIM THRASHER, et al.,

Defendant.

CASE NO. 2:20-cv-00376-RSM-BAT

**ORDER DENYING PLAINTIFF'S MOTIONS (DKTS. 78, 80) AND GRANTING JURY DEMAND (DKT. 79)**

Plaintiff filed three motions, which are noted for January 8, 2020, and are ripe for the Court's review. Dkts. 78, 79, 80. The first motion is entitled: "Plaintiff motion that defendants and non-defendants are intentionally trying to sabotage plaintiff's case and discredit him." Dkt. 78. The motion alleges defendants are fabricating plaintiff's medical records and trying to tamper with his case. As relief, plaintiff requests "all defendants have no direct communication with plaintiff, except through their attorneys." *Id.* at 5. Defendants oppose plaintiff's first motion arguing it is an unsupported request for injunctive relief. 81.

The Court agrees plaintiff's motion seeks injunctive relief. In a civil rights case, injunctions must be granted sparingly and only in a clear and plain case. When a plaintiff seeks to enjoin the activity of a government agency, his case must contend with “the well-established rule that the government has traditionally been granted the widest latitude in the dispatch of its own internal affairs.” *Rizzo v. Goode*, 423 U.S. 362, 378 (1976) (citations omitted). This holding

applies even more strongly in cases involving the administration of state prisons. *Turner v. Safley*, 482 U.S. 78, 85 (1987).

If plaintiff seeks injunctive relief from the Court, he must set forth an adequate basis. *See, e.g., Winter v. Natural Res. Def. Council*, 555 U.S. 7 (2008). In specific, to prevail on a motion for injunctive relief, any issues raised in any such motion must be related to the issues raised in a complaint and the movant must establish the following: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest. "An injunction is a matter of equitable discretion" and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 381.

Here, plaintiff offers no evidence or argument in support of his motion to demonstrate a likelihood of success on the merits in the underlying action. Plaintiff's amended complaint has just been served and the Court cannot conclude at this point based solely on the allegations of his complaint and this motion that he is likely to succeed on the merits or even that there is a serious question going to the merits. Further, the motion mirrors the allegations plaintiff raises in his amended complaint, and the public interest is not advanced by addressing the merits of the allegations before the defendant has even answered the amended complaint. The Court accordingly DENIES the motion.

The second motion is entitled "Plaintiff's motion for a jury trial demand." Dkt. 79. Defendants have not objected to plaintiff's jury demand, and thus plaintiff has preserved his right to a jury if the case proceeds to a trial.

The third motion is entitled "Plaintiff's motion that my mental illness is interfering with my ability to litigate and request for a jury trial." Dkt. 80. In this motion plaintiff contends the

Court should appoint an expert under Fed. R. Evid. 706 in order to support his claim that his psychological problems worsened due to being housed in isolation for an extended period.

. Defendants oppose plaintiff's second motion for an expert arguing Rule 706 does not empower a court to appoint an expert to help plaintiff present his case. Dkt. 81. Under Rule 706, the Court has the discretion to appoint an expert where “scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue.” *See Torbert v. Gore*, 2016 WL 3460262, at *2 (S.D. Cal. June 23, 2016) (citation omitted); *see also Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1070-71 (9th Cir. 1999) (finding that district court did not abuse its discretion by sua sponte appointing a medical expert to help the court evaluate confusing and contradictory evidence regarding fibromyalgia, which the court described as “an elusive disease of unknown cause”); *Ledford v. Sullivan*, 105 F.3d 354, 358-60 (7th Cir. 1997) (upholding district court's denial of prisoner's motion to appoint an expert in section 1983 action, where the expert planned to testify regarding whether prison officials showed deliberate indifference to the prisoner's serious medical needs).

Importantly, the Court may not appoint an expert under Rule 706 to serve as an advocate for a party. Fed. R. Evid. 706(e); *Faletogo v. Moya*, 2013 WL 524037, at *2 (S.D. Cal. Feb. 12, 2013) (Rule 706 “does not contemplate court appointment and compensation of an expert witness as an advocate for one of the parties.”).

Additionally, expert testimony is not essential in every case alleging deliberate indifference to serious medical needs in violation of the Eighth Amendment. *See Ledford*, 105 F.3d at 358-60 (“[T]he question of whether the prison officials displayed deliberate

indifference" toward a prisoner's serious medical needs does not always "demand that the jury consider probing, complex questions concerning medical diagnosis and judgment.").

Plaintiff moves the Court to appoint an expert to support his claims about the negative effects of prolonged solitary confinement on his mental health. This is not an appropriate basis for the appointment of an independent expert under Rule 706 as it is a request for an expert to support the allegations he raises in his amended complaint. *See Noble v. Adams*, 2009 WL 3028242, at *1 (E.D. Cal. Sept. 16, 2009) (denying plaintiff's motion for appointment of a Rule 706 expert in a § 1983 civil rights action where "the issues [we]re not so complex as to require the testimony of the expert witness to assist the trier of fact" and reasoning that "Plaintiff has not requested an expert because one is needed to assist the court. Rather Plaintiff is requesting an expert because he cannot afford to hire one."). Accordingly, the Court DENIES plaintiff's motion that court appoint an expert under Rule 706.

For the foregoing reasons the Court ORDERS:

1. Plaintiff's motion regarding sabotage, Dkt. 78, is DENIED.
2. Plaintiff's jury demand, Dkt.79, is GRANTED.
3. Plaintiff's motion regarding his mental health and request for appointment of an expert, Dkt. 80, is DENIED.
4. The clerk shall provide a copy of this order to the parties.

DATED this 11th day of January, 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge