UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOE JW ROBERTS, JR.,

            Plaintiff,

  v.

TIM THRASHER, *et al.*,

            Defendants.

CASE NO. C20-0376-RSM-BAT

ORDER RE: PLAINTIFF'S OBJECTIONS

## I.    INTRODUCTION

This matter comes before the Court on Plaintiff's objections to orders by the Honorable Brian A. Tsuchida, United States Magistrate Judge. Dkts. #121; #130. Plaintiff requests that the Court "review all response and briefing related to [his] motions DKTS. 78, 80, 81, 83, 105, 113 and 116; including DOC policy 590-500 and 450-100." Dkt. #121 at 1. Plaintiff also objects to Judge Tsuchida's order denying Plaintiff's motion to stay proceedings. Dkt. #123. This district's local rules prohibit an opposing party from responding to an objection unless the court orders a response. Local Rules W.D. Wash. LCR 72(a). The Court finds that no response is necessary and addresses Plaintiff's objections as set forth below.

//

ORDER RE: PLAINTIFF'S OBJECTIONS - 1

## II. BACKGROUND

**A. Plaintiff's March 15, 2021 Objections**

Judge Tsuchida's order dated January 11, 2021 addressed three motions filed by Plaintiff that are captioned as follows: (1) Motion that defendants and non-defendants are intentionally trying to sabotage and discredit him," Dkt. #78; (2) Motion that my mental illness is interfering with my ability to litigate and request for a jury trial, Dkt. #80; and (3) demand for jury, Dkt. #79. *See* Dkt. #82. Because the Court granted Plaintiff's jury demand, Plaintiff only appears to object to the Court's denial of his first two motions regarding sabotage and interference due to mental illness.

In denying Plaintiff's motion regarding sabotage, Judge Tsuchida found that Plaintiff sought injunctive relief and failed to set forth an adequate basis for such relief. Dkt. #82 at 2 (citing *Winter v. Natural Res. Def. Council*, 555 U.S. 7 (2008)). Dkt. #82 at 2 ("[P]laintiff offers no evidence or argument in support of his motion to demonstrate a likelihood of success on the merits in the underlying action."). Regarding Plaintiff's motion that his mental illness interfered with his ability to litigate, Plaintiff requested that the Court appoint an expert to support his claims of psychological problems under Fed. R. Evid. 706. Dkt. #80. In denying his motion, Judge Tsuchida concluded that appointing an expert to support Plaintiff's claims about the negative effects of prolonged solitary confinement on his mental health was not a proper basis for a Rule 706 appointment. Dkt. #82 at 4.

Judge Tsuchida's order dated February 25, 2021 addressed Plaintiff's motion that asked, "why hasn't the court responded to my objection." Dkt. #116. As summarized in the order, Plaintiff's inquiry was based on his three motions filed on December 23, 2021 that mental illness was interfering with his ability to litigate, that defendants were trying to sabotage Plaintiff, and

demanding a jury. *See* Dkts. #78, #79, #80.  Defendants filed a response to Plaintiff's motion, and Plaintiff filed a reply followed by an objection stating that the prison e-filed his reply late and he was not given sufficient time to respond. *See* Dkt. #83.  Judge Tsuchida determined that Plaintiff's objections were unfounded on the basis that "[h]e presents nothing showing defendants' response was not timely filed or somehow improper." Dkt. #116 at 1.  Judge Tsuchida further determined that notwithstanding Plaintiff's untimely reply, the Court reviewed his reply and concluded that it did not alter the order entered the day before. *Id.* at 1-2.

### B. April 20, 2021 Objections

Judge Tsuchida's order dated April 8, 2021 denied Plaintiff's motion to stay proceedings. Dkt. #123.  Plaintiff moved to stay proceedings due to another case he filed in this Court "with identical near claims as the claims involved in this case" on the basis that he cannot litigate the instant case until his other case is adjudicated.  Dkt. #115.  Judge Tsuchida denied Plaintiff's request on the basis that he failed to meet his burden to establish that a stay was warranted. Dkt. #123. On April 20, 2021, Plaintiff objected on the basis that he requires all his medical and mental health history to show that he was denied appropriate treatment for the duration of his isolation confinement. Dkt. #130 at 1.  Plaintiff also disputes that he filed an untimely reply to Defendant's response and contends that the prison continues to e-file his documents late. *Id.* at 2-6.

### III. DISCUSSION

A court can modify a magistrate's order resolving a nondispositive motion only where it is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a).  Plaintiff's objections filed on March 15, 2021 ask the Court to review briefings addressed in Judge Tsuchida's orders on his motions regarding sabotage and interference with his ability to litigate due to mental illness, but point to no specific error committed by the Court in reaching its conclusions. *See* Dkt. #121 at 1

ORDER RE: PLAINTIFF'S OBJECTIONS - 3

("I ask the district judge to review all response and briefing related to my motions DKTS. 78. 80, 81, 83, 105, 114 and 116; including DOC policy 590-500 and 450-11."). Plaintiff also re-states his request for the Court to appoint an expert witness under Fed. R. Civ. P. 706. *Id.*

Having reviewed both orders and the underlying briefing related to Plaintiff's March 15, 2021 objections, the Court concludes that Judge Tsuchida's determinations are neither clearly erroneous nor contrary to law. Because Plaintiff offered no evidence or argument to demonstrate a likelihood of success on the merits of his claims in the underlying action, he failed to set forth an adequate basis for injunctive relief. *See Winter*, 555 U.S. at 7 (setting forth criteria for granting injunctive relief). Regarding Plaintiff's request to appoint an expert, Rule 706 affords a court discretion to appoint an expert where "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue." *Torbert v. Gore*, No. 14-cv-2911, 2016 WL 3460262, at *2 (S.D. Cal. June 23, 2016) (internal citation omitted). Here, the Court finds no clear error in Judge Tsuchida's determination that an expert witness would not assist the trier of fact in this case given the complexity of the issues. *See Noble v. Adams*, No. 103-cv-05407, 2009 WL 3028242, at *1 (E.D. Cal. Sept. 16, 2009) (denying motion for appointment of Rule 706 expert where issues "not so complex as to require the testimony of an expert witness" and "Plaintiff has not requested an expert because one is needed to assist the court. Rather Plaintiff is requesting an expert because he cannot afford to hire one. Such reasons fall outside of reasons for an expert under Rule 706."). Accordingly, having reviewed the underlying orders for clear error, the Court declines to modify them based on Plaintiff's March 15, 2021 objections.

Turning to Plaintiff's April 20, 2021 Objections, the Court likewise finds no clear error in Judge Tsuchida's determination that Plaintiff's other lawsuit in this district, C18-746-MJP, warrants a stay in the proceedings. Whether to stay a lawsuit is within this Court's discretion.

ORDER RE: PLAINTIFF'S OBJECTIONS - 4

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1105 (9th Cir. 2005). In considering a stay request, courts consider the possible damage that may result from granting the stay, the hardship or inequity a party may suffer in being required to go forward, and the orderly course of justice "measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

Here, the Court finds no clear error in Judge Tsuchida's determination that Plaintiff failed to meet his burden of establishing the need for a stay. Plaintiff objects that he requires "the totality of his medical and mental health history" to show he was denied appropriate treatment during is isolated confinement in this case. Dkt. #130 at 1. Yet as Judge Tsuchida correctly pointed out, decisions made in Plaintiff's other pending case are not an appropriate basis to stay this matter. *See* Dkt. #123 at 2 ("[T]he disposition of this case will rise and fall upon decisions made in this case, not determinations made in Plaintiff's other case."). Finally, to the extent Plaintiff objects that his reply was timely, Judge Tsuchida considered the reply and found Plaintiff's arguments unavailing. *See id.* at 2 (addressing Plaintiff's arguments that (1) Defendants failed to prove a stay is proper; and (2) Plaintiff is not in agreement on settlement). For that reason, Plaintiff's objection as to the timeliness of his reply is inapposite.

### IV. CONCLUSION

For the reasons set forth above, the Court declines to modify previous rulings in this case based on Defendants' objections, Dkts. #121, #130. The Clerk is directed to send a copy of this order to the parties and to Judge Tsuchida.

//

Dated this 30th day of April, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER RE: PLAINTIFF'S OBJECTIONS - 6